Vicki BOLTON and James Bolton,
Plaintiffs,

v.

Louis O. GIUFFRIDA, Director of the
Federal Emergency Management
Agency, et al., Defendants.

Civ. No. C–82–6270.

United States District Court,
N.D. California.

Aug. 9, 1983.

William E. Growney, Pacifica, Cal., for plaintiffs.

Barbara Parker, Asst. U.S. Atty., Clarke B. Holland, Otis McGee, Jr., Lee J. Novich, San Francisco, Cal., for defendants.

## OPINION AND ORDER

AGUILAR, District Judge.

This action arises out of the Federal Emergency Management Agency's (hereinafter referred to as "FEMA") failure to provide benefits under a flood insurance policy to plaintiffs for alleged flood damage to their home. The action is now before the Court on defendant FEMA's motion to dismiss or for summary judgment. Defendant asserts that plaintiffs' lawsuit is barred by plaintiffs' failure to file a timely Proof of Loss, a timely Proof of Loss being a condition precedent to a suit for recovery under the policy.

On January 4, 1982, the San Francisco Bay Area experienced unusually heavy rainfall. Plaintiffs' home in Pacifica was damaged when San Pebro Creek overflowed and its waters surrounded and entered plaintiffs' home.

At the time of the damage, plaintiffs had in effect a Standard Flood Insurance Policy issued by the Federal Emergency Management Agency. After the flooding, plaintiffs notified FEMA of the damage to their home and of their intent to seek benefits under the insurance policy. Soon thereafter, two representatives of the National Flood Insurance Program visited plaintiffs' home and inspected the damage. Plaintiffs supplied the agents with estimates made by various contractors for repair of damage to the home. In March of 1982 the National Flood Insurance Program sent a geologist to inspect the home.

On April 6, 1982, FEMA's servicing agent, EDS Federal Corporation, assigned GAB Business Services, Inc. to investigate and adjust the flood loss claimed by plaintiffs. David Greenwald of GAB conducted an investigation. The investigation included an inspection of plaintiffs' home. On June 16, 1982 Greenwald sent a report to FEMA summarizing his investigation.

On July 1, 1982, FEMA advised Greenwald that plaintiffs were covered under the policy only for the interior floor damage that was sustained during the flooding. FEMA concluded that the policy would not cover the damage to the foundation and other portions of the structure. The grounds cited by FEMA for non-coverage were that the foundation and structural damage was caused by earth movement, and that paragraph D of the "Perils Excluded" portion of the insurance policy excludes loss by "any . . . earth movement except such mudslide or erosion as is covered under the peril of flood."

On that same day, July 1, 1982, Greenwald sent a letter to plaintiffs advising them of FEMA's coverage decision. Greenwald enclosed in the letter a filled-in Proof of Loss for their signature. The Proof of Loss reflected the amount of loss FEMA had concluded was covered by the policy.

Plaintiffs refused to sign the Proof of Loss because they believed that their entire loss of $13,744.15 was caused by flooding, and therefore covered in full by the policy. (FEMA had proposed to pay only $1,674.15 in damages, representing the damage to the interior floor.)

Only July 2, 1982, over six months after the flooding, FEMA sent a letter to plaintiffs that informed plaintiffs that the provisions of their policy required that they file a formal Proof of Loss within sixty days of the date of loss. It also noted that the adjuster, Greenwald, had sent a Proof of Loss on July 1, 1982. The letter also required that plaintiffs return the executed Proof of Loss within fifteen days from the date of the letter or plaintiffs' file would be closed without payment.

On August 3, 1982, plaintiffs' attorney wrote to Greenwald demanding that the full amount of plaintiffs' loss be paid under the policy. Greenwald wrote to plaintiffs' counsel on August 5, 1982, that he had transmitted counsel's letter to FEMA.

On August 18, 1982, plaintiffs' counsel wrote to a representative of FEMA. Counsel stated that Greenwald had prepared an erroneous Proof of Loss form, and had refused to change the form to reflect the actual loss suffered by plaintiffs. Counsel requested that the representative send him a new Proof of Loss form so that he could submit an accurate Proof of Loss on plaintiffs' behalf.

On September 7, 1982 plaintiffs' counsel made another demand for a Proof of Loss form. On September 21, 1982, a Claims Examiner for FEMA wrote plaintiffs' counsel and stated:

Our denial of August 17, 1982 remains in effect. No Proof of Loss will be forthcoming.[1]

Accordingly, plaintiffs brought suit in this Court to recover under their flood insurance policy to the full extent of their loss. It should be noted here that plaintiffs originally sued Greenwald, GAB and EDS in addition to FEMA. Plaintiffs have now dismissed all defendants but FEMA.

■ FEMA moves to dismiss or for summary judgment contending that timely filing of a Proof of Loss is a condition precedent to filing suit against FEMA. FEMA claims that plaintiffs have never filed a Proof of Loss with FEMA. Therefore plaintiffs are barred from pursuing this action.[2]

Paragraph N of the General Conditions and Provisions portion of the flood insurance policy held by plaintiffs provided:

Requirements in Case of Loss: The Insured shall give written notice, as soon as practicable, to the Insurer of any loss .... Within 60 days after the loss, unless such time is extended in writing by the Insurer, the Insured shall render to the Insurer a Proof of Loss, signed and sworn to by the Insured, stating the knowledge and belief of the Insured as to ... [various items having to do with the loss].

This provision of the policy is also reflected in the regulations governing the National Flood Insurance Program at 44 C.F.R. § 61, Appendix A(1).

Paragraph D of the policy provided:

No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to

---

1. Apparently, plaintiffs' entire claim was denied by FEMA on August 17, 1982 because of plaintiffs' failure to submit a Proof of Loss. No record of this August 17, 1982 denial is contained in the Court's files.

2. By its motion FEMA also contends that plaintiffs' action should be dismissed for lack of timely prosecution. Specifically, at the February 24, 1983 status conference held in this action, the Court directed plaintiffs' counsel to properly serve FEMA by March 11, 1983, or the action against FEMA would be dismissed. As of April 27, 1983, the date FEMA filed its motion to dismiss, neither FEMA, the United States Attorney for this judicial district, nor the Attorney General of the United States had been served with the summons and complaint as required by Federal Rule of Civil Procedure 4(d)(5). *See* F.R.Civ.P. 4(d)(4).

In a memorandum filed on June 9, 1983 by the Assistant United States Attorney handling this lawsuit for FEMA, it was represented to the Court that the United States Attorney had subsequently been served with a summons and complaint. This service is not reflected in any records in the files of this Court. On July 1, 1983, plaintiffs' counsel did file with the Court an Affidavit of Service indicating that FEMA was served with a summons and complaint on January 18, 1983. At the hearing held on this motion plaintiffs' counsel represented that he had sent a summons and complaint to the Attorney General, but there is no such indication in the Court's file.

Thus, plaintiffs did not complete service of FEMA within the time period prescribed by the Court, and from the records of the Court it appears that plaintiffs have still not completed service on FEMA, as required by Federal Rule of Civil Procedure 4(d)(5).

Despite plaintiffs' failure to comply with the Court's order, the Court will not dismiss plaintiffs' complaint. FEMA has had full notice of this lawsuit, and has responded to the lawsuit on the merits. Accordingly, FEMA has suffered no prejudice by plaintiffs' delayed service, and the Court must allow plaintiffs' action to proceed. However, the Court orders plaintiffs to file proofs of service indicating that the United States Attorney and the Attorney General of the United States have in fact been served as required by the Federal Rules of Civil Procedure.

be waived by any requirement or proceeding on the part of the Insurer relating to the appraisal to any examination provided for herein.

44 C.F.R. § 61.13(d) also provides that no provision of a standard flood insurance policy shall be waived or varied except through the issuance of an appropriate amendatory endorsement approved by the Administrator of the Flood Insurance Program.

Finally, paragraph S of the policy provided:

> No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity unless all of the requirements of this policy shall have been complied with . . . .·

Thus, the standard flood insurance policy held by plaintiffs contained a specific requirement that in the event of a loss, a Proof of Loss had to be submitted to FEMA (insured) within sixty days after the loss. The policy also provided that all requirements of the policy had to be complied with to be able to bring an action on the policy, absent to express waiver which neither party contends was present in this case. Therefore, under the terms of plaintiffs' flood insurance policy, and under the applicable regulations, plaintiffs are barred from bringing this action on the policy as they did not comply with the requirement of the policy that a Proof of Loss be filed within sixty days following the loss.

Plaintiffs do not dispute the fact that they did not file a timely Proof of Loss. However, plaintiffs assert that FEMA should be estopped from raising as a defense their failure to file a timely Proof of Loss because this failure was caused by affirmative misconduct on the part of FEMA. Specifically, plaintiffs assert that they did not file a Proof of Loss because of the following actions of FEMA: When plaintiffs notified the Agency of the damage to their home FEMA quickly sent out investigators; the investigators told plaintiffs that submission of the estimates was all that was required to process plaintiffs' claimed loss; adjustment proceedings took place; at no time during this period were plaintiffs told that they had to submit a sworn Proof of Loss; plaintiffs were informed in July, well after the sixty day time limit had passed, that they had to file a Proof of Loss; and, plaintiffs' counsel requested a new Proof of Loss form that he could accurately fill out, but the Agency refused him one.

■ Estoppel ordinarily does not lie against agencies of the federal government. *California Pacific Bank v. SBA,* 557 F.2d 218, 224 (9th Cir.1977). Thus, many courts have interpreted the terms of governmentally sponsored insurance policies strictly, and have held that no suit can be brought for failure to provide benefits under a governmentally sponsored insurance policy where a requisite Proof of Loss has been untimely, or has never been, filed. *See e.g., Havemeyer Textile v. Federal Insurance Administrator,* 559 F.Supp. 956, 959 (E.D.N.Y.1983); *Cross Queen, Inc. v. Director, Federal Emergency Management Agency,* 516 F.Supp. 806, 809 (D.Virgin Islands 1980); *Continental Imports, Inc. v. Macy,* 510 F.Supp. 64, 66 (E.D.Penn.1981). The Ninth Circuit has not yet indicated whether it will adopt this strict interpretation and refuse to apply the estoppel doctrine to Proof of Loss requirements for bringing suit on such policies.

■ However, the Ninth Circuit has held that the estoppel doctrine can be asserted against the United States "where justice and fair play require it". *United States v. Lazy FC Ranch,* 481 F.2d 985, 988 (9th Cir.1973). Estoppel can be interposed against the federal government where the conduct of the government is relied upon to the detriment of the party seeking to interpose an estoppel, where the government's conduct threatens to work a serious injustice, and where the public's interest would not be unduly damaged by the imposition of estoppel. *Id.* at 989.

The Seventh Circuit has applied the estoppel doctrine to governmentally sponsored insurance policy Proof of Loss requirements.

In *Meister Bros., Inc. v. Macy,* 674 F.2d 1174 (7th Cir.1982), plaintiff had sued for recovery under his flood insurance policy, and FEMA asserted as a complete defense plaintiff's failure to file a timely Proof of Loss. The plaintiff had notified FEMA of his flood loss, and, as in the present case, a GAB representative was assigned to investigate and adjust the loss. The representative inspected the premises, submitted reports, and negotiated with plaintiff. Three months after the deadline for filing a Proof of Loss, the representative furnished to plaintiff a Proof of Loss representing only part of plaintiff's claimed loss. Plaintiff was reimbursed for this portion of the loss, and the representative continued to investigate and negotiate with plaintiff as to the remainder of the claimed loss. At no time did the representative indicate that a Proof of Loss had to be filed, and the representative testified that it was his practice not to prepare a Proof of Loss until the parties had reached an agreement on the amount of the loss. *Id.* at 1176. When it appeared that the parties could not reach an agreement as to the remaining loss claimed by plaintiff, plaintiff filed suit. FEMA contended that the suit was barred because plaintiff had not filed a timely Proof of Loss as to the unreimbursed portion of his claimed loss. *Id.*

The Seventh Circuit found, based upon these facts, that "the conduct of the Agency and its agent were sufficient to estop the Government from asserting the untimely filing as a defense in this manner." *Id.* at 1177. Although the court emphasized that its holding was "limited to the unique circumstances of this case", *Id.,* in making its ruling the court was persuaded by the facts that investigation and settlement offers took place, and that a Proof of Loss for part of the plaintiff's claimed loss had been submitted late by the representative and honored by FEMA. *Id.* at 1176. The court stated that FEMA's assertion of the Proof of Loss requirement as a defense to the

action was a belated assertion of a technical defense, *Id.* at 1177, and concluded that "the actions of paying a part of the claim under a policy which the insurer has treated as being fully applicable to the entire claim, over many months of time, does not permit a withdrawal thereafter from the position clearly and unambiguously taken." *Id.*

■ The facts presently before this Court are virtually identical to the facts in the *Meister* case. FEMA investigated plaintiffs' loss and attempted settlement with them. A Proof of Loss was submitted to plaintiffs well after the sixty day period for a timely filing of a Proof of Loss. Although plaintiffs did not receive a partial monetary payment for their claimed loss, this fact does not sufficiently distinguish this case from *Meister* in light of the letter from the FEMA representative calling the late-filed Proof of Loss to plaintiffs' attention, and stating that unless the Proof of Loss was executed and returned within fifteen days, plaintiffs would receive no benefits under the insurance policy. This letter clearly implies that *if* the Proof of Loss was returned within that fifteen day period, plaintiffs would receive the amount of payment set forth in the Proof of Loss though that Proof of Loss would be submitted after the requisite sixty day period. Thus, as in *Meister,* FEMA is belatedly asserting a technical defense which it had waived by continuing to investigate and negotiate with plaintiffs, and by providing a Proof of Loss to plaintiffs though the period for submitting a timely Proof of Loss had ended.

The Court believes that the result in *Meister* is a good one, and an appropriate result in this case. Furthermore, the application of estoppel against the government in this case is consistent with the Ninth Circuit requirements for invoking estoppel.

■ First, plaintiffs relied on the conduct of FEMA in failing to file a Proof of Loss. FEMA[3] investigated and sought to settle

---

**3.** FEMA asserts that it cannot be held responsible for the acts of Greenwald. However, the only acts taken by Greenwald about which

plaintiffs complain (investigating the loss and submitting a Proof of Loss after the sixty day period had run) were taken at the express di-

plaintiffs' claim though the sixty day period had run, and authorized partial recovery under the policy though the sixty day period had run. Furthermore, it appears to be the practice of FEMA that Proofs of Loss are prepared by its agents, and are in fact only prepared once the FEMA has made a decision as to the extent of coverage it will allow to the insured. Thus, plaintiffs' failure to file a timely Proof of Loss was caused by their justifiable reliance upon the actions of FEMA.

Second, FEMA's conduct threatens to work a serious injustice to plaintiffs. The congressional purpose behind establishing national flood insurance was to alleviate the personal hardship and economic distress created by flooding by making flood insurance coverage available upon *reasonable* terms and conditions. 42 U.S.C. § 4001(a), (b); *Dempsey v. Director, Federal Emergency Management Agency,* 549 F.Supp. 1334, 1340 (D.D.C.1982).[4] It was not reasonable for FEMA to impose upon plaintiffs the condition of filing a Proof of Loss when FEMA continued to treat plaintiffs' loss as subject to coverage under the policy well after the sixty day period for filing a Proof of Loss had run. The injustice threatened to plaintiffs if the estoppel doctrine is not applied against FEMA is that they will not be covered for a loss arguably caused by flooding, though they took out flood insurance which was supposedly based upon reasonable terms and conditions, by FEMA's belated and unjustifiable assertion of a technical defense.

Finally, the interest of the public would not be unduly damaged by the imposition of estoppel against FEMA under the facts of this case. In light of the purpose of federally funded flood insurance to make flood insurance available to the public on reasonable terms and conditions, the public would be benefitted by the imposition of estoppel to facts such as those presented by plaintiffs' lawsuit where FEMA is unreasonably asserting a condition of the insurance policy.

For all of the above reasons, the Court finds that FEMA is estopped to assert as a defense to this action plaintiffs' failure to file a timely Proof of Loss. Though this holding is based upon the facts presented by this case, the Court notes that it appears that it is common practice for FEMA to investigate losses though the sixty day period for filing a Proof of Loss has run, and for FEMA's agents to submit Proofs of Loss only after FEMA has made a coverage decision. Presumably, then, the facts presented by plaintiffs' case may reoccur in many instances. Estoppel could justifiably be asserted against FEMA in such instances when it belatedly invokes the timely Proof of Loss requirement.

Good cause appearing therefor, IT IS HEREBY ORDERED that defendant FEMA's motion to dismiss is denied.

---

rection of FEMA. Accordingly, these actions of Greenwald are appropriately attributable to FEMA.

4. In *Dempsey,* estoppel was applied against FEMA where, despite the passing of the sixty day period for filing of the Proof of Loss, the loss was investigated and a Proof of Loss was submitted by FEMA's representative to plaintiff (who thereafter typed his own figures over the figures placed of the Proof of Loss by the agent to reflect his opinion as to his true loss). *Id.* at 1335–1336, 1340. The court found that the requirement of a timely filing of a Proof of Loss could not be asserted as a defense by FEMA. Part of the reasoning behind the court's holding was that the Proof of Loss requirement is designed to provide the insurer with the full opportunity to investigate and defend every claim. Where investigation occurs and the Agency has full knowledge of all facts regarding the claim, the purpose behind a timely Proof of Loss requirement is met though the Proof of Loss is not timely filed. *Id.* at 1340.