Vannie Floyd **WILLIAMSON,**
Administratrix

v.

**DASPIT BROS. MARINE DIVERS, INC.,**
and the Fidelity and Casualty Co.
of New York.

**Civ. A. No. 8422, Division "C".**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 29, 1963.

Russell J. Schonekas, Gibson Tucker, Jr., Clifton S. Carl, Tucker & Schonekas, New Orleans, La., for plaintiff.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for defendant.

WEST, District Judge.

Complainant, as the widow of the deceased, Stephen T. Williamson, seeks to recover for the wrongful death of her husband pursuant to (1) the Jones Act, 46 U.S.C.A. § 688; (2) General Maritime Law; and (3) Workmen's Compensation Laws of the State of Louisiana.

The case was tried to a jury on May 6 and 7, 1963, on the first two counts, i. e., the Jones Act claim and the General Maritime claim. The alternative claim under the Louisiana Workmen's Compensation Laws of Louisiana was reserved for decision by the Court, with the stipulation between counsel that the Court would decide the alternative claim upon the same evidence presented to the jury in connection with the other two counts.

At the conclusion of the trial, the jury returned a general verdict on the first two counts in favor of the defendants, and judgment was rendered accordingly. Now, in connection with the alternative claim, i. e., that the complainant is entitled to recover under the provisions of the Workmen's Compensation Laws of the State of Louisiana, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.

Respondent, Walter J. Daspit, Jr., d/b/a Daspit Marine Divers & Salvage

Co., entered into a contract with Collins Construction Company whereby, for the sum of $3,250, Daspit was to clear twenty miles of submarine pipeline at Grand Isle, Louisiana, of all debris, steel bands, and rope above the mudline. Collins agreed to furnish transportation to, from and on the job, and Daspit agreed to furnish the divers and diving equipment necessary to do the work.

2.

The decedent, Stephen T. Williamson, and his brother, Ted Williamson, both marine divers, contracted orally with Daspit to clear a certain portion of the twenty miles of pipeline for the sum of $750. They, the Williamsons, had full control over the method by which the work was to be done, and the time in which it was to be done. Their only obligation to Daspit was to complete the job in a manner acceptable to him.

3.

Pursuant to these arrangments, the deceased, Stephen T. Williamson, was walking the submerged pipeline on October 11, 1957, in about 75 feet of water, when, for some unexplained reason, he became separated from his diving mask and belt and drowned.

4.

That at the time of his death, decedent, Stephen T. Williamson, was not an employee of Walter J. Daspit, Jr., but instead was an independent contractor performing his work as such pursuant to the aforementioned agreement between Daspit, the deceased, and Ted Williamson.

CONCLUSIONS OF LAW

1.

■ In determining whether an injured or deceased person was an employee or an independent contractor within the intendment of the Louisiana Workmen's Compensation Act, each case must be decided upon its own peculiar facts. Taylor v. Employers Mutual Liability Insurance Co., La.App., 49 So.2d 635, affirmed 220 La. 995, 58 So.2d 206.

2.

■ As distinguished from an employee, an independent contractor is one who contracts to perform a specified piece of work for another for a specified price, without being subject to control or direction in the manner of performance but only as to the result contracted for. Shelton v. Barber Bros. Co., La.App., 94 So.2d 489.

3.

■ In order to recover under the Workmen's Compensation Laws of the State of Louisiana, there must either be an employer-employee relationship existing at the time of the accident, or the injured or deceased person must have been, at the time of the accident, an employee of a subcontractor engaged at the time of the accident in the performance of a part of the regular trade, business or occupation of the principal contractor. LSA-R.S. 23:1021 et seq.

4.

■ In the instant case, the deceased, Stephen T. Williamson, was neither an employee of Walter J. Daspit, Jr., nor was he an employee of a subcontractor of Walter J. Daspit, Jr. engaged in the regular trade, business or occupation of Walter J. Daspit, Jr. He was, instead, an independent contractor himself, and thus his survivors are not entitled to recover under the Workmen's Compensation Laws of the State of Louisiana from Walter J. Daspit, Jr. or his insurer, Fidelity and Casualty Company of New York.

5.

Thus, on the alternative claim for workmen's compensation benefits, judgment will be rendered in favor of respondent, Walter J. Daspit, Jr. and Fidelity and Casualty Company of New York, and against complainants, rejecting their demands at their costs.