Freddie THOMAS, Jr., Plaintiff-
Appellant,

v.

PETERSON MARINE SERVICE, INC.,
Defendant-Appellee.

No. 27048

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 15, 1969.

Rehearing Denied June 13, 1969.

Charles R. Maloney, John A. Salvaggio, New Orleans, La., for plaintiff-appellant.

Richard C. Baldwin, Adams & Reese, New Orleans, La., for defendant-appellee.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Peterson Marine Service, the defendant-appellee, employed Freddie Thomas, the plaintiff-appellant, to work in the hold of the S/T MOBIL ACME, a vessel owned by Mobil Oil Corporation. At the time of appellant's injury, he was scooping excess coconut oil from the hold and his employer Peterson Marine had exclusive control of that part of the ship. He first asserted a claim under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.) but then shifted ground and filed a complaint under the Jones Act (46 U.S.C. § 688) and general maritime law. The district court granted summary judgment for Peterson Marine Service and we affirm.[1]

Appellant says he changed forums before litigating his initial claim because his allegation that he was a longshoreman qualified to receive benefits under the Longshoremen's Act was denied by his employer. Assuming that his employer considered him to be a seaman rather than a longshoreman, he then filed the instant suit whereupon, to his consternation, his employer denied that he was a seaman and moved for summary judgment. The employer says its only purpose in controverting appellant's initial claim to be a longshoreman was to secure a formal hearing and adjudication of the injured employee's status by the Deputy Commissioner. Whatever may explain so much uncertainty, the jockeying for forum must now end: Thomas is a longshoreman and should proceed anew under the Longshoremen's Act.

The undisputed facts reflect that he lacked the status necessary to sue under the Jones Act. To sue for negligence under the Jones Act, the plaintiff must be a member of a crew and this means he must be more or less permanently attached to a vessel or fleet of specified vessels. Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5th Cir. 1960, 280 F.2d 523. The undisputed facts in this case show that Thomas was a shore-based worker hired by Peterson Marine, an independent contractor, to do a special job in the hold of the S/T MOBIL ACME and that he was not employed by the owner of the vessel and was not in any sense permanently attached to that vessel. As between the Jones Act and the Longshoremen's Act, the latter is his exclusive remedy.

To exhaust appellant's possibilities for a suit in admiralty against his employer, we hold that as a longshoreman he is not entitled to sue Peterson Marine for the unseaworthiness of the vessel under the doctrine fashioned for longshoremen in Seas Shipping Company v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 and Reed v. Steamship Yaka, 1963, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448. An injured longshoreman who was doing work traditionally done by seamen can maintain an action for unseaworthiness, but such action must be against the vessel *in rem* or the owner of the vessel and cannot go directly against a stevedore-employer having no ownership or operational interest in the vessel. We so held in Watson v. Gulf Stevedore Corp., 5th Cir. 1967, 374 F.2d 946.[2]

The summary judgment is in all respects affirmed.

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v.

Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

2. But see Sanderlin v. Old Dominion Stevedoring Corp., 4th Cir. 1967, 385 F.2d 79.