**JAMES J. MOOREHEAD, Plaintiff**

v.

**GEORGE MARSHALL MILLER, Defendant**

Civil No. 83-105

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 6, 1984

JAMES J. MOOREHEAD, St. Thomas, V.I., *plaintiff, pro se*

GEORGE M. MILLER, ESQ., St. Thomas, V.I., *defendant, pro se*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This action for legal malpractice is before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, James J. Moorehead ("Moorehead"), acting pro se, claims that he is entitled to judgment as a matter of law as there are no genuine issues of material fact. Defendant, George Marshall Miller ("Miller"), admits that the facts are uncontroverted, but argues that the action is time barred by the statute of limitations. For the reasons which follow, both motions for summary judgment will be denied.

## I. FACTS

On October 29, 1979, Moorehead retained Miller, an attorney licensed to practice law in the Virgin Islands, to represent him in a defamation action against McCoy Webster and the Daily News. Miller filed a complaint in the Territorial Court, Division of St. Thomas and St. John, on May 9, 1980, twenty-one days after the two-year limitation period had expired. The action was dismissed for that reason by Judge Verne A. Hodge in an opinion dated June 1, 1981.

Moorehead filed the present action in this Court on April 27, 1983, alleging that defendant's failure to timely institute the defamation action was a breach of Miller's duty to exercise reasonable care, skill, and diligence. The summons and complaint were served more than eight months later, on January 9, 1984. Miller promptly filed his answer the next day.

Acting sua sponte the Court ordered Moorehead to show good cause why service of process was not made within 120 days of the

date the complaint was filed pursuant to Fed. R. Civ. P. 4(j). (Order, May 17, 1984.) Moorehead's response stated inter alia that confusion during the change over from service by the U.S. Marshall to the Process Server caused the delay.

## II. DISCUSSION

A. *Rule 4(j)*

Effective February 26, 1983, Rule 4 of the Federal Rules of Civil Procedure was amended by the addition of subdivision (j). Fed. R. Civ. P. 4(j) provides in pertinent part:

> (j) Summons: Time Limit for Service.
>
> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Invoking this rule, the Court warned Moorehead that his complaint would be dismissed if he did not show good cause for the eight-month delay between the filing of the complaint and service of process. Moorehead responded detailing his whereabouts and misfortunes since April 13, 1982. The time period we must focus on is between April 27, 1983, the date the action was filed, and January 9, 1984, the date of service.

Moorehead was hospitalized in Atlanta, Georgia, until August 28, 1983, and returned to St. Thomas on September 1, 1983. He attempted to ascertain the status of the case, but avers that due to confusion during the change over from service by the U.S. Marshall to the Process Server, the Clerk's Office was either unable to find the return of service, or told him that the summons was already executed. Finally, the summons was issued on December 28, 1983, and service was returned on January 9, 1984. Miller did not protest as unreasonable the delay between filing and service, and promptly answered, provided discovery, and filed his motion for summary judgment.

■ Consequently, we find that Moorehead has shown good cause for the delay and his complaint will not be dismissed. Further, pursuant to Rule 3 of the Federal Rules of Civil Procedure, we find that this action was commenced, and the statute of limitations was tolled,

on April 27, 1983, the day the complaint was filed.

B. *Applicable Statute of Limitations*

■ In his motion for summary judgment Miller claims that this action is time barred by the statute of limitations. It is settled in this jurisdiction that legal malpractice is subject to the two-year general tort statute of limitations set forth in 5 V.I.C. § 31(5)(A) (Supp. 1982).[1] Simmons v. Ocean, 19 V.I. 232, 235, 544 F.Supp. 841, 843 (D.V.I. 1982); Ingvoldstad v. Estate of Young, 19 V.I. 115, 124–25 (D.V.I. 1982).

■■ To sound in contract, and thereby be governed by the six-year statute of limitations provided in 5 V.I.C. § 31(3)(A) (1967), a legal malpractice suit must be based on the nonperformance of a specific undertaking or promise contained in the contract. Ingvoldstad, supra, at 127. The fact that both parties signed a retainer agreement, as here, does not bring this case within the realm of a contract action. Long v. Buckley, 629 P.2d 557, 560–61 (Ariz. 1981).

C. *Accrual of Cause of Action*

The Court must next determine when Moorehead's cause of action accrued. This jurisdiction has yet to expressly adopt a rule governing the accrual of a legal malpractice action. In Simmons, supra, the Court discussed the various rules but concluded that it was unnecessary to decide which one should be applied in the Virgin Islands because viewing the facts and pertinent dates in the light most favorable to the plaintiff, the action would still be time barred. Such is not the case here.

■ The earliest possible date of accrual would be dictated by the occurrence rule. This rule provides that the statute of limitations commences upon the occurrence of the essential facts constituting the cause of the action, regardless of whether these facts are discov-

---

[1] This section provides:

§ 31. Time for commencement of various actions

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

(5) Two years—

(A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

ered by the client.[2] See, e.g., Wilcox v. The Executors of Plummer, 29 U.S. (4 Pet.) 172 (1830); R. Mallen & V. Levit, Legal Malpractice § 389, at 446 (2d ed. 1981). Where the negligent conduct is an omission, such as failure to comply with a statutory time period, there has been some agreement that an attorney's liability arises when the client's action is proscribed. El Paso v. West, 102 F.2d 927, 929 (5th Cir.), cert. denied, 308 U.S. 587 (1939); Galloway v. Hood, 43 N.E.2d 631 (Ohio 1941); Annot., 18 A.L.R.3d 978, 1005 (1968).

Following this general rule, Moorehead's cause of action would have accrued on April 17, 1980, when the statute of limitations in the underlying defamation claim ran. Under the occurrence rule, therefore, Moorehead's action clearly would be time barred by the two-year statute of limitations.

■ The latest possible date of accrual can be ascertained by following the discovery rule.[3] The premise of this rule is that the statute of limitations should not run until the client knows or should know the essential facts of the cause of action. Edwards v. Ford, 279 So.2d 851, 852–53 (Fla. 1973); Budd v. Nixen, 491 P.2d 433, 438 (Cal. 1971); Mumford v. Staton, Whaley & Price, 255 A.2d 359, 364 (Md. 1969).

Today the discovery rule has proven to be the predominant doctrine of accrual despite 140 years of precedent with the occurrence rule. One commentator has attributed this to the injustice sustained when a client's rights are foreclosed before he or she, or even the lawyer, could be expected to discover the error. R. Mallen and V. Levit, Legal Malpractice § 393, at 475 (2d ed. 1981). Recently, the discovery rule has been embraced in cases where an attorney fails to commence an action within the statute of limitations. Yazzie v. Olney, Levy, Kaplan & Tenner, 593 F.2d 100 (9th Cir. 1979); Kohler

---

[2] Some jurisdictions have modified the occurrence rule to require that there be actual injury before the cause of action accrues. Under this damage rule the latest possible date of injury would be incurred when the attorney's negligence became irreversible. See, e.g., Fort Meyers Seafood Packers, Inc. v. Steptoe and Johnson, 381 F.2d 261 (D.C. Cir.), cert. denied, 390 U.S. 946 (1967); Hunt v. Bittman, 482 F.Supp. 1017 (D.D.C. 1980); Boehm v. Wheeler, 223 N.W.2d 536 (Wis. 1975).

[3] Two other rules have been used to determine date of accrual but are inapplicable here. The continuous treatment rule dates accrual from the time the attorney's representation concerning a particular transaction is terminated. The effect of the rule is to toll or defer accrual. Under the concealment rule, the running of the statute of limitations is deferred until the client discovers or should have discovered the facts where the attorney conceals misconduct or injury. See generally, R. Mallen & V. Levit, Legal Malpractice §§ 391, 392 (2d ed. 1981).

v. Woollen, Brown & Hawkins, 304 N.E.2d 677, 681 (Ill. 1973); Downing v. Vaine, 228 So.2d 622 (Fla. 1969).

■ Following the discovery rule, which we now adopt, the date of discovery in this case would be the date the judgment and memorandum opinion were entered in the Territorial Court, June 2, 1981. Thus, this action was timely filed within two years on April 27, 1983. Miller's motion for summary judgment on this ground must be denied.

D. *Plaintiff's Motion for Summary Judgment*

Moorehead claims that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law in his motion for summary judgment. Alternatively, Moorehead states that he is entitled to partial summary judgment on the issue of liability, with the amount of damages left for a court determination. Attached to the motion are his affidavit attesting to the facts, a copy of the retainer agreement, a copy of the complaint in the Territorial Court action, a copy of the allegedly defamatory newspaper article, and a copy of the Territorial Court judgment and memorandum opinion dismissing the action.

Under Rule 56(c) of the Federal Rules of Civil Procedure summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Both parties agree that the facts culminating in this action are not in dispute. There are, however, issues in a legal malpractice action that are to be determined by the trier of fact, unless reasonable men could not differ on the outcome.

■ In a legal malpractice case the plaintiff has the burden of proving 1) the attorney-client relationship giving rise to a duty; 2) breach of that duty; 3) the causal connection between the negligent conduct and the resulting injury, and 4) actual loss or damage. See, e.g., Schenkel v. Monheit, 405 A.2d 493 (Pa. 1979); Sherry v. Diercks, 628 P.2d 1336 (Wash. 1981); Christy v. Saliterman, 179 N.W.2d 288 (Minn. 1970); see generally, R. Mallen & V. Levit, Legal Malpractice § 654, at 804, § 657, at 812–13 (2d ed. 1981); D. Meiselman, Attorney Malpractice: Law and Procedure § 3:1, at 39–40 (1980).

■ Miller does not deny that an attorney-client relationship existed between himself and Moorehead. This relationship was out-

lined in the contract entered into between the two parties on October 29, 1979. This relationship gave rise to a duty whereby defendant was required to exercise the customary skill and knowledge which normally prevails at the time and place. Moore v. United States, 432 F.2d 730 (3d Cir. 1970); Prince v. Lehtonen, 1982 St. X. Supp. 449 (D.V.I. Oct. 7, 1982); Restatement (Second) Torts § 299A (1965).

██ Having proved conclusively that the Territorial Court action was time barred, Moorehead must show that this error was caused by Miller's negligence. Although some jurisdictions have indicated that allowing the statute of limitations to run on a client's claim is prima facie evidence of negligence, Case v. St. Paul Fire & Marine Ins., 324 F.Supp. 352 (E.D. La. 1971); House v. Maddox, 360 N.E.2d 580 (Ill. 1977); Fuschetti v. Bierman, 319 A.2d 781 (N.J. 1974), more commonly the ultimate determination of negligence is left to the trier of fact.

If Miller did indeed act negligently, Moorehead must prove that the negligence was the proximate cause of the loss of a valid claim and actual damages. This raises another issue of fact, except where reasonable men could not disagree. See, e.g., Woodruff v. Tomlin, 616 F.2d 924 (6th Cir. 1980) (applying Tennessee law); Lewandowski v. Continental Casualty Co., 276 N.W.2d 284 (Wis. 1979); Chocktoot v. Smith, 571 P.2d 1255 (Or. 1977).

Moorehead is thus required to establish by the preponderance of evidence that he would have recovered a judgment in the underlying defamation action, and that it would have been recoverable. Williams v. Bashman, 457 F.Supp. 322 (E.D. Pa. 1978); Spering v. Sullivan, 361 F.Supp. 282 (D.C. Del. 1973); Duke & Co. v. Anderson, 418 A.2d 613 (Pa. 1980). Fuschetti v. Bierman, 319 A.2d 781 (N.J. 1974).

██ Because questions of fact remain, Moorehead's motion for summary judgment must be denied.

## ORDER

THIS MATTER is before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court having filed its Memorandum Opinion on even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT plaintiff's motion for summary judgment be and the same is hereby DENIED; and

THAT defendant's motion for summary judgment be and the same is hereby DENIED.