**Valeria Nicolescu MATASAREANU, Plaintiff,**

**v.**

**Willie WILLIAMS, City of Los Angeles, and 50 unknown named Members of the Los Angeles Police Department, Defendants.**

No. CV 97–6531–CAS(RC).

United States District Court, C.D. California, Los Angeles Division.

Oct. 2, 1998.

---

Valeria N. Matasareanu, Pasadena, CA, pro se.

Don W. Vincent, Office of the City Attorney, Los Angeles, CA, for defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

SNYDER, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; and (2) defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(5) is denied.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Christina A. Snyder, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On October 15, 1997, plaintiff Valeria Nicolescu Matasareanu, a citizen proceeding pro se and in forma pauperis, filed a civil rights complaint, under 42 U.S.C. § 1983, against Willie Williams, the City of Los Angeles ("defendant City"), and 50 unknown members of the Los Angeles Police Department (collectively "defendants").[1] The gravamen of the complaint is that plaintiff's civil rights were violated by defendants on February 28, 1997, when her son, Emil Matasareanu, was "seriously wounded by the police [but] could have been saved, [and] was left to bleed to death...." Complaint, ¶ 10. Against defendant City, plaintiff also sets forth a claim for improper training, supervision and monitoring under "*Monell v. New York City Dept. of Social Services* and its progeny." Complaint, ¶ 9.

On November 13, 1997, this Court advised plaintiff of Fed.R.Civ.P. 4(m) and its requirement that service of process be effected within 120 days of the filing of the complaint. On April 23, 1998, Magistrate Judge Rosalyn M. Chapman issued an Order to Show Cause re Dismissal for Failure to Diligently Prosecute. In response to the Order to Show Cause, plaintiff filed a declaration on May 13, 1998, in which she stated:

3. The death of my son was only the beginning of many other legal, personal and financial problems. I was arrested shortly after my son's death and currently face felony criminal charges which are pending in the Pasadena Superior Court. As a result of the circumstances leading to my arrest, I have lost my license as a behavior[ial] therapist and, thus, have lost my livelihood.

4. As a result of losing my livelihood, I was unable to make my mortgage payments and lost my home ... through foreclosure in April, 1998.

5. I have been unable to acquire legal representation in this action and have no

legal training. I am still actively searching for an attorney to represent me but have been preoccupied with defending the criminal case against me and trying to keep a roof over my head. Most recently, I was incarcerated from 1/8/98 through 3/1/98. I also suffer from serious health problems including heart disease and diabetes.

6. I will serve the summons and complaint on the City of Los Angeles on 5/13/98 and respectfully ask the court not to dismiss my lawsuit since I believe it has merit.

The plaintiff, in fact, did effect service of process on defendants on May 13, 1998.[2] Because the Court was unaware that plaintiff had effected service of process on defendants, a Report and Recommendation was filed on May 21, 1998, finding that the defendants had not been timely served and recommending that the complaint be dismissed without prejudice under Fed.R.Civ.P. 4(m). However, due to a clerical error, the Report and Recommendation was not served on the parties, as it should have been, to permit the parties an opportunity to make objections thereto; but rather, the Report and Recommendation was immediately presented to Judge Snyder for adoption. On May 27, 1998, Judge Snyder adopted the Report and Recommendation, and Judgment was entered on May 28, 1998, dismissing without prejudice the complaint.

On June 1, 1998, after Judge Snyder became aware of the Clerk's error in failing to permit the parties to file objections to the Report and Recommendation, Judge Snyder vacated her order adopting the Report and Recommendation and vacated the Judgment. The Report and Recommendation was then refiled, and the parties were afforded an opportunity to file objections to it. Thereafter, plaintiff filed Objections and defendants filed a "Special Appearance" with their objections. In their "Special Appearance," defendants asserted that they were not required to answer plaintiff's complaint "due to plaintiff's failure to diligently prosecute," citing Fed.

---

1. The complaint was initially lodged on September 2, 1997, and pended off and on until in forma pauperis status was granted on October 15, 1997.

2. *See* Defendants' Special Appearance at 2:8–10; Plaintiff's Objections to Magistrate Judge's Report and Recommendation to Dismiss, ¶¶ 2–5, Exhs. A & B.

R.Civ.P. 4(m). After considering the parties' objections, Judge Chapman, on June 15, 1998, withdrew and vacated the Report and Recommendation.

On July 15, 1998, Judge Chapman issued an Order to Show Cause why default judgment should not be entered against defendants, who had not timely answered the complaint. The defendants filed an Opposition and Objection to the Order to Show Cause. After considering defendants' opposition, Judge Chapman, on July 31, 1998, ordered defendants to answer the complaint and further ordered that the Order to Show Cause would be deemed discharged upon the filing of the answer.

On August 10, 1998 (more than 60 days late), defendants finally answered the complaint and raised four affirmative defenses, including the affirmative defense that plaintiff did not timely serve process under Fed. R.Civ.P.Rule 4(m).

The Court has set a discovery cutoff date of December 15, 1998, and a motion cutoff date of January 15, 1999.

## II

On August 14, 1998, defendants filed a notice of motion and motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, with supporting memorandum of points and authorities and exhibits. In their motion, defendants claim that: (1) there is insufficient service of process under Rule 4(m) and (2) plaintiff's claims are barred by the statute of limitations. The plaintiff file an opposition on September 9, 1998. The defendants filed their response on September 17, 1998. Lastly, plaintiff filed an improper "Amendment to Defendants' Motion to Dismiss" on September 23, 1998.

## DISCUSSION

Rule 4(m) of the Fed.R.Civ.P. provides as follows:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Advisory Committee Notes to the 1993 Amendments to Rule 4(m) highlight the significant difference between Rule 4(m), as amended, and its predecessor, Rule 4(j):

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

There is limited appellate authority interpreting Rule 4(m); however, the authority that does exist does not support defendants' position.[3] As stated by the Third Circuit Court of Appeals in a well-reasoned and thorough discussion of Rule 4(m): "We read the new rule to require a court to extend time if good cause is shown **and to allow a court discretion to dismiss or extend time absent a showing of good cause.**" *Petrucelli v. Bohringer and Ratzinger, GMBH Ausdereitungsanlagen,* 46 F.3d 1298, 1305 (3d Cir.1995) (emphasis added); *see also Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995) ("The plain language of Rule 4(m) . . . broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."). In

---

**3.** The cases relied on and cited by defendants in their memorandum and response are all cases decided prior to the 1993 Amendments to Rule 4. "[T]hese cases are of doubtful continuing validity in view of the changes to Rule 4(m) that provide the court with greater flexibility in evaluating the basis for ordering dismissal." Schwarzer, Tashima, & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* § 5:274 (1997 rev.).

explaining its rationale, the Third Circuit noted:

> [W]e find that the plain language of the rule itself explains that in all cases, the court has the option of dismissing the action or extending time for service. The fact that the word 'shall' is used along with the disjunctive 'or' in the first clause indicates that the court has discretion to choose one of these options. As an exception to this general provision, the second clause notes that if good cause exists, the district court has no choice but to extend time for service. Thus, the logical inference that can be drawn from these two clauses is that the district court may, in its discretion, extend time even absent a finding of good cause.

*Petrucelli,* 46 F.3d at 1305.

The Third Circuit then proposed the following procedure when determining whether to extend time beyond 120 days for service of process:

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, then the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

*Petrucelli,* 46 F.3d at 1305; *See also Espinoza,* 52 F.3d at 841 ("The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service.... If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service.").

■ Initially, let us consider whether plaintiff has established good cause for her failure to serve defendants within 120 days of filing the complaint. The Ninth Circuit has characterized good cause, at a minimum, as "excusable neglect." *Electrical Specialty Co. v. Road Ranch Supply, Inc.,* 967 F.2d 309, 312 (9th Cir.1992); *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). The good cause exception applies only in limited circumstances, and inadvertent error or ignorance of governing rules alone will not excuse the failure to serve. *Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir.1992).

■ The plaintiff, in her declaration filed May 13, 1998, has attempted to explain why the defendants were not served within 120 days of the filing of the complaint. The declaration sets forth several broad and varied grounds, which must be considered. First, as noted above, the lack of legal training and an attorney does not constitute good cause. *Hamilton,* 981 F.2d at 1065. Ill health, however, may constitute good cause; but, additional information from plaintiff about her ill health, and its incapacitating nature, would be required to show good cause.[4] *See LeMaster v. City of Winnemucca,* 113 F.R.D. 37, 39 (D.Nev.1986) (holding plaintiff's counsel's illness constitutes good cause); *Moorehead v. Miller,* 102 F.R.D. 834, 836 (D.Vi.1984) (same). Here, the most telling ground to establish good cause is the pending criminal charges against plaintiff. *See,* Cal. Gov't C. § 945.3 (providing that statute of limitations is tolled while criminal changes are pending); *Harding v. Galceran,* 889 F.2d 906, 909 (9th Cir.1989) (applying Cal. Gov't C. § 945.3 to Section 1983 actions in federal court), *cert. denied,* 498 U.S. 1082, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991). The plaintiff's uncontroverted declaration states that criminal charges are pending against her and have been pending for months, and that she was incarcerated from January 8, 1998, through March 1, 1998. Since pending criminal charges constitute grounds to toll the statute of limitations in a Section 1983 action, by analogy they should constitute good cause for failing to serve defendants within 120 days of filing the complaint.

---

4. Because the Court has determined that another ground for good cause exists, it is unnecessary to reach this issue.

 Next, let us assume arguendo that plaintiff has **not** established good cause for her failure to serve defendants within 120 days of filing the complaint and determine, nevertheless, whether grounds exist to grant plaintiff an extension of time to serve process.[5] One of the factors to be considered must be the purpose behind Rule 4(m). "The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay: e.g., loss of evidence, dimming of witnesses' memories, financial commitments based on *not* being sued, etc." Schwarzer, Tashima, & Wagstaffe, *California Practice Guide: Federal Civil Procedure Trial,* § 5:261 (1997 rev.). Here, the purpose behind Rule 4(m) is met, and all of these considerations militate in favor of permitting plaintiff to serve process on defendants beyond 120 days. Further, there exists other pending litigation similar to the instant action in which defendants are involved.[6] In Matasareanu I, defendant City has engaged in extensive pretrial discovery regarding the circumstances surrounding the death of Emil Matasareanu. Thus, defendants have not suffered any prejudice resulting from the delay in serving process on them in the instant action.

 Another factor this Court must "consider [is] whether the running of the statute of limitations would warrant granting an extension of time." *Petrucelli,* 46 F.3d at 1306. Here, the statute of limitations ran on February 27, 1998.[7] Thus, dismissal without prejudice under Rule 4(m) "would essentially be with prejudice, because the bar date for filing a complaint has expired." *In re Barr,* 217 B.R. at 630. (Undoubtedly this is the reason defendants are so vigorously seeking to dismiss the instant action under Rule 4(m).) Although "the running of the statute of limitations does not **require** the District Court to extend time for service of process," it is a factor to consider in determining whether to extend such time. *Petrucelli,* 46 F.3d at 1306 (emphasis added); *De Tie v. Orange County,* 152 F.3d 1109, 1112 n. 5 (9th Cir.1998).

Finally, the Court has considered that plaintiff has actually served defendants. The defendants were served on May 13, 1998, approximately 90 days beyond the 120 day period. Thus, the Court is not faced with service of process to be effected on a future date or an open-ended extension of time for service of process. The 90 day period is not an unreasonably extensive or expansive period of time [8]—especially when affording plaintiff the 90 day extension will provide her an opportunity to litigate the merits of this action, a desirable goal. *See, e.g. Ferdik v. Bonzelet,* 963 F.2d 1258, 1260–61 (9th Cir.) (holding that the court, in determining whether to dismiss an action due to plaintiff's failure to diligently prosecute, should consider several factors, including the public policy favoring disposition of cases on their merits), *cert. denied,* 506 U.S. 915, 113 S.Ct. 321, 121 L.Ed.2d 242 (1992). Considering all of the foregoing factors, the Court finds that it is appropriate to grant plaintiff an extension of

5. "The Ninth Circuit ... has not addressed what factors a court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *In re Barr,* 217 B.R. 626, 630 (Bankr.W.D.Wash.1998).

6. Pursuant to Fed.R.Evid. 201, this Court takes sua sponte judicial notice of the records in *Matasareanu v. City of Los Angeles,* case no. CV 97–2445–CAS(RCx) ("Matasareanu I"). Matasareanu I is a civil rights action arising from the shooting and death of Emil Matasareanu brought by the administratrix of Emil Matasareanu's estate and his minor children against defendant City and others.

7. The statute of limitations for Section 1983 actions is determined by state law. *Wilson v. Gar-*cia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); *Torres v. City of Santa Ana,* 108 F.3d 224, 226 (9th Cir.1997); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995). Section 1983 claims are characterized as personal injury actions for statute of limitations purposes. *Wilson,* 471 U.S. at 276, 105 S.Ct. at 1947; *Torres,* 108 F.3d at 226; *Trimble,* 49 F.3d at 585. In California, the statute of limitations for personal injury actions is one year. Cal.Civ. Proc.Code § 340(3); *Torres,* 108 F.3d at 226; *Elliott v. City of Union City,* 25 F.3d 800, 802 (9th Cir.1994).

8. The defendants' argument that this time period is excessive is indeed ironic when one notes that the defendants were more than 60 days late in filing their answer!

time beyond 120 days from the filing of the complaint to serve process on defendants.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting the Report and Recommendation; and (2) denying defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(5).

October 2, 1998.