# SWAN v HIBEL and HOANG
## Case No. 90-5241-CA
Fourth Judicial Circuit, Duval County

December 7, 1990

## OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

### *ORDER ON MOTION OF DEFENDANT HIBEL TO DISMISS OR DROP HIM AS A DEFENDANT*

This cause came on for evidentiary hearing on the motion of Defendant Franklin Hibel to dismiss the action as to him or to drop him as a party by reason of the failure of the Plaintiffs to serve this Defendant within 120 days after the issuance of summons as required by Rule 1.070(j), Florida Rules of Civil Procedure. The facts of this case, briefly stated, are as follows.

Defendant Franklin Hibel died prior to the initiation of this suit. This suit for personal injury arising out of an automobile accident was filed on March 21,1990, three years and 362 days after the automobile accident giving rising[sic] to the claim. Franklin Hibel, although deceased, was named individually and service was allegedly effected on

his widow. Shortly thereafter, Plaintiffs' counsel was advised by defense counsel that this service was ineffective because of the Defendant's prior death and that the Plaintiffs would have to proceed to open an estate for the purpose of perfecting service on the Defendant's estate. No such appropriate action was taken by Plaintiffs' counsel.

During this same period of communications by Defendant's counsel to Plaintiffs' counsel, it is evident that Plaintiffs' counsel was occasionally using illegal drugs to the extent that it apparently, on occasion, affected the efficient performance of his services as an attorney. The correspondence file of Plaintiffs' counsel does reflect, however, that counsel advised the Plaintiffs that he would no longer be able to litigate this matter and that Plaintiffs should obtain other counsel to resolve the problems of service on the Defendants. These communications occurred within the 120 days that Plaintiffs had to properly effect service on the Defendants. However, service was not effected and has not, to this date, been properly made on any representative of the estate of the deceased Defendant.

The question before the Court is whether or not the voluntary and occasional use of illegal drugs (cocaine) by Plaintiffs' counsel is the kind of "good cause" which would excuse the failure to serve process within the 120 days required by the above-referenced rule. This is apparently a case of first impression, both in Florida and elsewhere. However, it is evident from an examination of the corresponding federal rule, from which the Florida rule was drafted, that the courts have taken a very restrictive view of the "good cause" excuse for the failure to timely serve process. *In Re: City of Philadelphia Litigation,* 123 F.R.D. 515 (E.D. Pa. 1988). The burden of proof in establishing the "good cause" excuse for non-service is clearly on the Plaintiffs. *U.S. v Fields,* 703 F.Supp. 749, 751 (N.D. Ill. 1989). If good cause is not shown, dismissal is mandatory. *Floyd v United States,* 900 F.2d 1045, 1046 (7th cir. 1990); *Geiger v Allen,* 850 F.2d 330, 331 (7th Cir. 1988); *Lovelace v Acme Markets, Inc.,* 820 F.2d 81, 84 (3d Cir. 1987).

This being a case of first impression in Florida, this Court now holds that the voluntary use of illegal drugs by Plaintiffs' counsel, which diminishes his effectiveness as an attorney and results in the failure to timely serve process, will not be accepted by this Court as "good cause" for the failure to comply with Rule. 1.070(j), Florida Rules of Civil Procedure.

Accordingly, it is

ORDERED:

Defendant Hibel's Motion to Dismiss or to Drop Him as a Party

Defendant is hereby granted, and this action is hereby dismissed as to Defendant Hibel.

DONE AND ORDERED in chambers at Jacksonville, Florida, the 7th day of December, 1990.