**Ana Miranda ROQUE,**
**Plaintiff, Appellant,**

v.

**UNITED STATES of America,**
**Defendant, Appellee.**

No. 88–1509.

United States Court of Appeals,
First Circuit.

Submitted July 25, 1988.

Decided Sept. 19, 1988.

Fernando Cruz Tollinche, San Juan, P.R., on brief, for plaintiff, appellant.

Eduardo E. Toro Font, Asst. U.S. Atty., and Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., on motion for summary affirmance, for U.S.

Before BOWNES, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff appeals from the dismissal of her action for insufficient service of process. The government moves for summary affirmance. We review the background.

Plaintiff filed a federal tort claims act action against the United States on May 6, 1986. Within a few days service was made on the United States Attorney for the District of Puerto Rico. This was insufficient service of process since Fed.R.Civ.P. 4(d)(4) provides that when the United States is sued service is to made both by delivering a copy of the summons and complaint to the United States Attorney and by sending a copy "by registered or certified mail to the Attorney General...." The latter was never done. The United States filed its answer on June 19, 1986. The answer raised as affirmative defenses "lack[ ] [of] jurisdiction over the person of the defendant" and "sovereign immunity," but did not specifically point out the deficiency in service of process. On September 11, 1987, the United States filed a motion to dismiss stating that more than 120 days had passed since the filing of the complaint but that the Attorney General had not been served as required by Fed.R.Civ.P. 4(d)(4). The government argued the action should be dismissed pursuant to Fed.R.Civ.P. 4(j) which states that if service is not made within 120 days and the party fails to show good cause for the delay then the action shall be dismissed without prejudice. While the United States received back from the clerk's office a stamped copy of its

motion marked received and filed, somehow the motion was lost and did not get noted on the docket sheet or appear among the original papers. Whether plaintiff received a copy of the motion in September is not apparent. In any event, however, the 120 days had passed before the United States specifically pointed out the service deficiency.

An initial scheduling conference was held on February 11, 1987. The United States pointed out that its motion to dismiss for insufficient service of process did not appear in the record. The government was granted permission to refile the substance of its motion, which it did on February 26, 1987. At the same time, the government requested that the *ad damnum* in plaintiff's complaint be reduced to $10,000, the amount she had sought in her administrative claim. On April 9, 1987 when more than 30 days had passed without plaintiff's responding to the government's motion, the court warned plaintiff that her action would be dismissed for lack of diligence and interest unless she responded within 10 days. The plaintiff then filed a largely inarticulate response which, generously construed, contended that the government, by failing to raise insufficient service of process when it filed its answer, had waived the defect. By order dated September 23, 1987, the court granted the government's request to reduce the *ad damnum* to $10,000, but denied the request to dismiss.

A pre-trial conference was held on December 11, 1987. The government argued that plaintiff's action should be dismissed for insufficient service of process. The court gave the government 10 days to file a motion to that effect. According to the courtroom deputy's notes, plaintiff then pointed out that such a motion had already been filed in February 1987 and that the court in September 1987 had reduced the *ad damnum*, but that "the dismissal aspect apparently was not considered." In reality, however, the court in fact had already ruled on the government's motion to dismiss, denying it in the last sentence of the September 23, 1987 order.

The government filed another motion to dismiss for insufficient service of process on December 21, 1987, inaccurately stating that the court had failed to address the government's earlier motion to dismiss. Plaintiff in response pointed out that the court in its September 23, 1987 order had already denied the earlier request for dismissal. This time, the court granted the government's motion to dismiss. The court rejected plaintiff's argument that the government had waived the insufficiency of service by filing an answer since the answer had claimed lack of personal jurisdiction and sovereign immunity. The court felt the answer, filed within the 120 days when plaintiff could have cured the service defect, had put plaintiff on notice of the service insufficiency.

On the one hand, we have little sympathy for a litigant who fails to follow the plain language of Fed.R.Civ.P. 4(d)(4). The rule is straightforward, and it has long been established that both delivery to the United States Attorney and mailing to the Attorney General is required. *Messenger v. United States*, 231 F.2d 328, 330 (2d Cir. 1956).

On the other hand, however, the government did little to acquaint plaintiff with the service deficiency. Instead, the government's actions seem calculated to have kept its true objection hidden until the 120 days for service had run.

█ Under Fed.R.Civ.P. 12(b) and 12(h)(1), the defense of insufficient service of process is waived if not raised in the answer (or in a motion filed *prior* to or contemporaneously with the answer). 2A Moore's Federal Practice 12–200 (2d ed. 1986); *Pila v. G.R. Leasing and Rental Corporation*, 551 F.2d 941, 943 (1st Cir. 1977). While the government's answer raised lack of personal jurisdiction, it did not specifically challenge the sufficiency of service. Rule 12(b) distinguishes between the defenses of lack of personal jurisdictional and insufficient service of process. In view of this distinction, normally we do not think insufficient service of process should be subsumed as having been raised in an answer's assertion of lack of personal

jurisdiction or, for that matter, sovereign immunity. *See Securities and Exchange Commission v. Beisinger Industries*, 552 F.2d 15, 20 (1st Cir.1977) (defense of insufficient service of process waived where the defense actually raised was not that service had not been properly made but that service was impossible because the parties were outside the jurisdiction of the court). If the true objection is insufficient service of process, we do not think it is too much to require a litigant to plainly say so. The government should not couch its true objection to the sufficiency of service in the garb of formalistic incantations of lack of personal jurisdiction or sovereign immunity. Hence, if the government were a private litigant, we would most likely conclude that the defense of insufficient service of process had been waived.

There is a further consideration, however. While the government has not expressly argued that it should be held to any different standard of waiver than other litigants, some courts have indicated that compliance with Fed.R.Civ.P. 4(d)(4)'s twofold requirement of service is a condition upon which the government's consent to be sued depends, *see Messenger v. United States*, 231 F.2d 328, 332 (2d Cir.1956) (Hincks, J. concurring), a view which would complicate waiver analysis.

█ We think it unnecessary to decide whether we would take that view. Instead, we see the case this way. We disagree with the district court's apparent conclusion that the government's assertion of lack of personal jurisdiction and sovereign immunity in its answer reasonably put plaintiff on notice of the service deficiency. So far as appears from the record, plaintiff did not have notice of the government's claim of insufficient service of process until the initial scheduling conference held on February 11, 1987. This was nine months after the action had been filed and after at least some discovery had taken place. Plaintiff thereafter claimed the government had waived the defect, an argument which was not frivolous (although it was not very well developed by plaintiff). Unfortunately, plaintiff did not then (or subse-

quently) either correct or offer to correct the service deficiency by mailing the appropriate papers to the Attorney General, an omission which the district court regarded as obstinate. Plaintiff, however, may have felt that correction would be futile in view of the government's position that the action should be dismissed because the 120 days provided for service in Fed.R.Civ.P. 4(j) had long ago expired. The court initially denied the government's motion to dismiss (on September 23, 1987) and then granted it (on March 29, 1988), chastising plaintiff for having still failed to serve the Attorney General. In view of the court's September 23, 1987 denial of the government's motion to dismiss, which was not conditioned on proper service being completed, *cf. Bolton v. Giuffrida*, 569 F.Supp. 30, 32 n. 2 (N.D. Cal.1983) (government agency not prejudiced by delay in service and hence plaintiff's action allowed to proceed *provided* plaintiff filed proof of having completed service), plaintiff's inaction, while not entirely excusable, may be somewhat understandable, however. In sum, given the government's answer which did not clearly allege insufficient service of process, the government's failure plainly to assert insufficiency until after the 120 days had run, the confusion caused by the district court's initial denial of the government's motion, the simple manner in which the service deficiency can be cured, and the absence of any articulated prejudice to the government, we think the district court should have found "good cause," within the meaning of Fed.R.Civ.P. 4(j), to excuse the failure to complete service within 120 days and denied the government's motion to dismiss conditioned on plaintiff's completing service within a reasonably prompt period.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.