UNITED STATES of America, Plaintiff,

v.

Jerry FIELDS, Paul Manning and Marci Manning, Defendants.

No. 88 C 135.

United States District Court, N.D. Illinois, E.D.

Jan. 18, 1989.

Walter Soroka, Joseph D. Wolgel, Chicago, Ill., Margaret C. Gordon, Asst. U.S. Atty., for plaintiff.

John J. Morrison, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is defendant Marci Healy's (incorrectly named in the complaint as Marci Manning) motion to dismiss. Healy presents several procedural grounds for dismissal. For the following reasons, the court finds that plaintiff has failed to comply with Rule 4(j) of the Federal Rules of Civil Procedure, and therefore grants the motion to dismiss. As a result, the court need not rule on the other grounds for dismissal raised by Healy.

Plaintiff seeks to assess taxes against Healy in the amount of $187,122.54, plus interest. The assessment is a "100% penalty" against Healy based on the alleged failure of her former employer, N.I.B. Corporation ("N.I.B."), to pay employee withholding taxes in 1978 and 1979. Apparently, on January 11, 1982, Healy was assessed $187,122.54, but received no notice of that assessment. The statute of limitations expired as to that assessment on January 11, 1988. Nevertheless, no further action was taken until plaintiff filed its complaint on January 8, 1988. That complaint incorrectly states both the name and address of Healy. Moreover, plaintiff failed to serve Healy until August 5, 1988. Thus, Healy received no notice of any wrongdoing on her part regarding events allegedly transpiring in 1978 and 1979 until August, 1988.

Plaintiff offers explanations as to the causes of the delays in prosecuting this case. It explains that on December 18, 1987, counsel for the United States received the administrative file relating to the unpaid withholding taxes of N.I.B. in the course of defending the United States in another lawsuit. That file indicated that Healy, among others, had been assessed a 100% penalty. In other words, the United States failed to pursue its assessment against Healy, and by accident became aware of that fact as a result of a third party's decision to file a lawsuit against the United States. Because the United States did not come upon this information until December 18, 1987, it did not proceed against Healy until January, 1988.

Plaintiff also points out that Healy's name, for part of 1978, was Marci Manning. She was married in 1978, at which time her name became Marci Healy. However, plaintiff does not allege that Healy made any effort to evade the government or disguise the fact of her name change. Nor does plaintiff deny Healy's claim that she filed her income tax returns with the Internal Revenue Service ("IRS") under the

name Healy and used the same social security number she had always used.

Healy urges dismissal for failure to effect timely service of process. *See* Fed.R. Civ.P. 4(j). A plaintiff must make service of the summons and complaint upon a defendant within 120 days after the filing of a complaint, unless it can show good cause for the delay. *Id.* Where a plaintiff fails to comply with this rule, the action shall be dismissed as to that defendant without prejudice. *Id.*

■ Case law interpreting "good cause" in the context of Rule 4(j) is sparse, but some basic principles have been articulated. The plaintiff bears the burden of showing good cause. *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 478 (N.D.Ill.1984). A defendant's intentional evasion of service constitutes good cause. *Ruiz Varela v. Sanchez Velez,* 814 F.2d 821, 823 (1st Cir.1987). However, inadvertent delay in service does not constitute good cause; plaintiff must have made a "reasonable effort" to effect timely service. *Gordon v. Hunt,* 116 F.R.D. 313 (S.D.N.Y.1987). Determination of whether good cause is demonstrated in a given case is a matter of discretion. *U.S. For Use and Benefit of DeLoss v. Kenner General,* 764 F.2d 707, 711 (9th Cir.1985).

Courts are divided as to whether prejudice to the defendant resulting from the delay is a relevant factor in determining good cause. *Gordon,* 116 F.R.D. at 321. This court would consider any prejudice against the defendant as supportive of dismissal under Rule 4(j). However, the absence of prejudice to a defendant does not enhance a plaintiff's case for demonstrating good cause. Because no prejudice to Healy has been demonstrated here, this factor does not affect the court's finding as to good cause.

Another possible factor is prejudice to a plaintiff resulting from dismissal. Again, the court does not consider the absence of such prejudice to work in favor of a finding of no good cause. However, the existence of such prejudice could work in favor of a plaintiff. Here, dismissal without prejudice would time bar this action, because the statute of limitations has already run. Nevertheless, due to the facts of this case, the court is unwilling to consider this factor as weighing in plaintiff's favor. The only reason that dismissal pursuant to Rule 4(j) would prejudice plaintiff is plaintiff's extreme delay in filing this action. And only plaintiff's lax pursuit of it own assessment accounts for the last minute filing of this action. Thus, plaintiff brought the prejudicial impact upon itself. Moreover, Congress recognized the possibility that dismissal after the expiration of a statute of limitations could bar a plaintiff from bringing an action. *DeLoss,* 764 F.2d at 711 n. 5. Consequently, prejudice to the parties is not a factor in the court's determination of good cause.

■ The court is left, therefore, with the question of whether plaintiff's efforts at service were "reasonable." Little case law exists to aid the court in drawing a line between "inadvertent" and "reasonable" non-service. *Gordon,* 116 F.R.D. at 320. This court finds that, because Rule 4(j) states a 120 day limit to service, a plaintiff only makes reasonable efforts if it proceeds in a manner reasonably calculated to effect service within 120 days. Plaintiffs should assume that they have a 120 day "deadline."

■ The court finds that plaintiff's efforts were not reasonably calculated to effect service within 120 days. This conclusion is supported by the manner by which plaintiff eventually succeeded in locating Healy. In late March of 1988, counsel for the United States requested that the IRS seek to discover Healy's current address. The IRS located Healy's whereabouts through its routine archive retrieval procedure. Once this was accomplished, the IRS telephoned Healy, and asked her to come to the local IRS office to effectuate service. Healy complied, and was served at the IRS office. From this, two things are apparent. First, the IRS itself had information as to Healy's whereabouts all along, yet did not even begin to search its own records for that information until approximately two-thirds of the 120 day period had expired. Second, once the IRS records were consult-

ed, service of process was easily accomplished. (Holmes to Watson: "Elementary.")

The efforts actually taken by plaintiff were as follows. Plaintiff checked the administrative file of N.I.B., which had been provided to the IRS in another lawsuit, and did not find Healy's current address. Plaintiff also made telephone calls to directory assistance. Through telephone inquiries, plaintiff located a Marci and Paul Manning, and served that Marci Manning by mail on January 8, 1988. Plaintiff made no further effort to ascertain that it had located the proper defendant; toward the end of January, the Marci Manning who had been served called and explained that she was not the person described in the complaint. After calls to directory assistance failed to locate Healy, plaintiff inquired among several co-workers of Healy at N.I.B., none of whom were able to provide helpful information.

The court finds these efforts insufficient to establish good cause. Plaintiff relied on information nine to ten years old, information predictably of little value, and phone calls to directory assistance, predictably ineffective in many cases. Plaintiff relied on these efforts alone for almost three months after filing its complaint despite the fact that the IRS's own records contained the necessary information all along. A woman changing her name as a result of marriage is a common event in our society, and an agency with the resources of the IRS should take that fact into account when attempting to locate defendants.

Finally, the court considers that plaintiff failed to move that the court enlarge time for service. *See* Fed.R.Civ.P. 6(b). A plaintiff unable to ensure timely service of process should move for an enlargment of time. *Lovelace v. ACME Markets,* 820 F.2d 81, 84 (3d Cir.1987). The court weighs plaintiff's failure to so move within the 120 day period as another factor indicating that its efforts were not reasonable.

In sum, the motion to dismiss pursuant to Rule 4(j) of the Federal Rules of Civil Procedure is granted. Defendant Marci Healy (Marci Manning) is dismissed. The

court need not reach the remaining issues in defendant Healy's motion.

IT IS SO ORDERED.