David FLOYD, Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 89–1635.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1990.

Decided April 20, 1990.

As Amended May 2, 1990.

Jeanne L. Sathre, Lakin & Herndon, Wood River, Ill., for plaintiff-appellant.

Robert L. Simpkins, Office of the U.S. Atty., East St. Louis, Ill., for defendant-appellee.

Before POSNER, FLAUM, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The plaintiff, David Floyd, appeals from the dismissal of his suit for failure to effect timely service of his summons and complaint. *See* Fed.R.Civ.P. 4(j). For the reasons set forth in the following opinion, we affirm the judgment of the district court.

I

BACKGROUND

On February 26, 1986, David Floyd fell in the parking lot at the Gallipolis Lock on the Ohio River, an area owned and operated by the United States Army Corps of Engineers. Seeking to recover damages for injuries allegedly suffered from the fall, Mr. Floyd filed a timely claim with the Corps of Engineers pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. His claim was denied. Mr. Floyd thereafter filed a complaint in the district court against the United States. However, service of the complaint was not accomplished immediately.

One hundred and forty-five days after the complaint was filed, the district court notified Mr. Floyd that his case would be dismissed for want of prosecution unless he effected service within twenty days. Nine days later the summons and com-

plaint were served upon the United States. In response, the United States moved to dismiss the action pursuant to Fed.R.Civ.P. 4(j) for failure to serve the summons and complaint within 120 days after filing the complaint.

Before ruling on the motion to dismiss, the district court ordered Mr. Floyd to submit an affidavit setting forth the reason service was untimely. Mr. Floyd's attorney filed an affidavit and explained that his busy schedule, combined with the unexpected absence of the secretary responsible for seeing that service was effected, caused the delay. After considering the affidavit, the district court noted its disapproval of counsel's "neglectful conduct," R.5 at 2, but nevertheless denied the government's motion. The court concluded that dismissal was too harsh a penalty under the circumstances of the case. The court noted that dismissal would bar forever the plaintiff's claim.[1] Moreover, found the district court, presentation of the claim to the Corps of Engineers provided the government with actual notice. The district court therefore concluded that the government had not been prejudiced to the extent that dismissal was warranted and denied the motion.

The government moved for reconsideration, claiming that the court *must* dismiss Mr. Floyd's claim under *Geiger v. Allen*, 850 F.2d 330 (7th Cir.1988). Reversing its earlier decision, the district court granted the motion and dismissed the complaint. The court concluded that *"Geiger* removes any discretion we might have had and makes it mandatory that we dismiss plaintiff's claim for the inadvertent neglect of his counsel." R.7 at 2.

## II

## ANALYSIS

### A.

We begin, as we must, with the text of the rule in question. Rule 4(j) states in relevant part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j).

The thrust of this provision is plain: if a defendant is not served with the summons and complaint within 120 days after the complaint was filed, the district court must dismiss the action unless the plaintiff demonstrates good cause for the delay. In this case, we must determine whether the appellant demonstrated the "good cause" required by the rule. It is, of course, well established that "good cause" determinations entail discretionary conclusions by the district court that will not be disturbed absent an abuse of discretion. *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir.1988); *see Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987).

### B.

Upon the government's initial motion, the district court exercised its discretion and refused to dismiss the case, thereby implicitly determining that good cause had been shown. In making that determination, the court considered the fact that (1) the plaintiff's case otherwise would be time-barred, (2) Mr. Floyd knew nothing of his attorney's "neglectful conduct" and (3) the government did not suffer any prejudice as a result of the short delay in service. However, upon reconsideration, the district court did not consider these factors or exercise any discretion because it concluded that *Geiger v. Allen*, 850 F.2d 330 (7th Cir.1988), mandated dismissal.

In *Geiger*, the plaintiff's attorney completed service 143 days after the complaint

---

**1.** Mr. Floyd's complaint was filed on the day the six-month statute of limitation was due to run. Thus, although dismissal under Rule 4(j) is without prejudice, the effect in this case would be an absolute bar.

was filed. Upon the defendant's motion, the court dismissed Ms. Geiger's suit pursuant to Rule 4(j). On appeal, this court determined that the district court had not abused its discretion in concluding that the plaintiff had failed to demonstrate good cause. Ms. Geiger argued that her attorney's inability to locate the defendant excused the delay in service. However, the court determined that counsel's attempts to find and serve the defendant were "half-hearted" at best. 850 F.2d at 333. This court thus affirmed the district court's conclusion that counsel's inadvertent failure to serve the defendant within the statutory period did not constitute good cause. The fact that Ms. Geiger filed her complaint one day before the statute of limitations ran and that her cause of action would therefore be time-barred did not preclude dismissal. *Id.* at 333–34.

█ As the government quite properly concedes on appeal, *Geiger* does not—and, given the plain language of the rule, cannot—stand for the broad proposition that the district court may not exercise its discretion in making good cause determinations. Indeed, before affirming the district court's conclusion that the particular inadvertence demonstrated by the plaintiff's counsel did not constitute good cause, the panel in *Geiger* emphasized the district court's duty to make a discretionary finding of whether the plaintiff established good cause. *See id.* at 333. Nor do we understand *Geiger* to mandate dismissal in every case where the delay in service is caused *in part* by attorney inadvertence. This court and other courts have refused to fashion a *per se* rule that attorney inadvertence, when accompanied by other factors, prevents a finding of "good cause." *See id.; Del Raine v. Carlson,* 826 F.2d 698, 704–05 (7th Cir.1987) (remanded for good cause determination where delay was caused in part by inadvertence); *see also Roque v. United States,* 857 F.2d 20, 22 (1st Cir.1988) (district court

should have found good cause for plaintiff's inadvertent failure to serve defendant within 120 days where deficiency could be cured easily and defendant did not clearly allege insufficient service of process in its answer). However, under *Geiger* and our subsequent holding in *Powell v. Starwalt,* 866 F.2d 964, 965 (7th Cir.1989), simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a "good cause" determination.[2] *See LeMaster v. City of Winnemucca,* 113 F.R.D. 37, 39 (D.Nev. 1986) (17–day delay in service was not caused by mere inadvertence, and good cause was established where plaintiff's counsel was undergoing chemotherapy and radiation treatments). As our colleagues in the Fifth Circuit noted in *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir.1985):

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules *usually* does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified" is *normally* required.

*Id.* at 1306 (emphasis supplied and original emphasis deleted) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1165, at 622 (2d ed. 1983)).

█ In its first order, the district court "disapprove[d] strongly of plaintiff's counsel's neglectful conduct in this action." R.5 at 2. We believe that this statement can be read fairly as a determination by the district court that counsel's failure to serve the government within 120 days was simple attorney neglect unaccompanied by any ex-

---

**2.** We note that in cases where the delay is caused by counsel's simple neglect and the cause is dismissed pursuant to Rule 4(j), the litigant generally is bound by the conduct of his attorney. *Geiger,* 850 F.2d at 334. However,

the attorney is liable to his client for malpractice "if his delay blocks the pursuit of a claim that otherwise would have succeeded." *Powell,* 866 F.2d at 966.

tenuating factor. Under the law of this circuit, as articulated in *Geiger* and *Powell,* such a finding cannot support a determination of "good cause" under Rule 4(j).

### C.

■ In its original opinion, the district court rested its determination of "good cause" on two factors other than simple attorney neglect: 1) that dismissal without prejudice under Rule 4(j) effectively would act as a dismissal with prejudice, given the statute of limitations bar; 2) that earlier presentation of the claim to the Corps of Engineers provided the government with actual notice and therefore obviated the possibility of prejudice.

With respect to the first of these factors, this court and other circuits have determined that a statute of limitations problem will not serve to establish good cause or otherwise prevent dismissal. As we said in *Powell,* a dismissal under Rule 4(j) " '[w]ithout prejudice' does not mean 'without consequence'. If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." 866 F.2d at 966; *see Geiger,* 850 F.2d at 334 (fact that limitations had run did not prevent Rule 4(j) dismissal); *Winters,* 776 F.2d at 1307 (same); *Wei v. Hawaii,* 763 F.2d 370, 372 (9th Cir.1985) (court refused to balance deprivation of federal cause of action due to time bar against policy behind Rule 4(j); Congress already balanced such policy considerations); *United States v. Fields,* 703 F.Supp. 749, 751 (N.D.Ill.1989) (court refused to weigh in plaintiff's favor fact that dismissal without prejudice would time bar the action because "plaintiff brought the prejudicial impact upon itself" by not effecting timely service). Indeed, in enacting Rule 4(j), Congress recognized the possibility that dismissal after the statute of limitations had expired could bar the plaintiff's action. H.R. 7154—Federal Rules of Civil Procedure Amendments Act of 1982, 97th Cong., 2d Sess., *reprinted in* 1982 U.S. Code Cong. & Admin. News 4434, 4441–42 (analysis of H.R. 7154 submitted by Congressman Edwards) [hereinafter Analysis of H.R. 7154]; *see United States for u/b*

*DeLoss v. Kenner Gen. Contractors, Inc.,* 764 F.2d 707, 711 n. 5 (9th Cir.1985); *Fields,* 703 F.Supp. at 751.

■ With respect to the second factor—lack of prejudice—we do not believe that such a consideration, *standing alone,* can serve as an adequate foundation for a "good cause" determination. *See Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 660 (D.Md.1986) ("[U]nder the presently existing rules, the absence of prejudice is *not* of aid to a faulty plaintiff who presents *no* justifiable reason for his lack of diligent and timely conformance with present Rule 4(j).") (initial emphasis in original; second emphasis supplied). First of all, the language of Rule 4(j), our most important guide, does not lend itself easily to such a conclusion. The Rule requires that the litigant "show good cause *why* such service was not made within that period" (emphasis supplied). Lack of prejudice to the defendant is not a reason why service is not made on time. At best, it is a factor offered in mitigation after another factor has caused noncompliance with the rule. *See generally Winters,* 776 F.2d at 1305 ("We note that by the terms of Rule 4(j), its 'good cause' exception relates only to 'why such service was not made within the [120–day] period.' "). Additionally, we must remember that there are strong institutional concerns at stake. As one commentator has noted:

> While some of [the cases where dismissal under Rule 41(b) was denied] may have precedential value as to what may constitute "good cause" under new Rule 4(j), the cases which required a showing of prejudice to the defendant in order to dismiss, in our opinion, do not. Since the policy behind the 120–day limit is primarily "to encourage prompt movement of civil actions in federal courts," ... the absence of prejudice to the defendant would not appear to be a relevant consideration.

2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.46, at 4–433 n. 8 (2d ed.1989) (quoting Analysis of H.R. 7154, *supra,* at 4442).

This does not mean, however, that lack of prejudice has no part in the "good cause" determination under Rule 4(j). Certainly, when a plaintiff has offered an explanation for noncompliance with the rule which could support a finding of "good cause," the absence of prejudice to the defendant is a factor that ought to be considered in assessing whether the explanation offered justifies relief. For instance, in *United States v. Ayer*, 857 F.2d 881 (1st Cir.1988), the government had made several unsuccessful attempts to effect timely service on a corporate defendant, after which the defendants moved for dismissal pursuant to Rule 4(j). In affirming the district court's conclusion that the government had established good cause, the First Circuit stated that Rule 4(j) was not meant to be enforced harshly or inflexibly. The court balanced the absence of any demonstrable prejudice to the defendants against the lack of evidence that the delay was intentional and held that the district court had acted within its discretion. *Id.* at 885–86. Similarly, in *Roque v. United States*, 857 F.2d 20 (1st Cir.1988), the court vacated a Rule 4(j) dismissal because the defendant had not been prejudiced by the delay. In *Roque*, the plaintiff served the United States Attorney but failed to serve the Attorney General. Service on the United States was therefore insufficient. The district court concluded that the government's answer, filed within 120 days of the complaint, had put the plaintiff on notice of the service insufficiency, which was left uncured. *Id.* at 20–21. However, the court of appeals determined that the district court should have found good cause: the United States' answer did not specifically challenge the insufficient service, a defect which could have been cured easily, and there was no "articulated prejudice to the government." *Id.* at 22. *See also Gordon v. Hunt*, 116 F.R.D. 313, 319–21 (S.D.N.Y.) (court will examine plaintiff's efforts to effect service and "any lack of prejudice will be considered a relevant factor" under a Rule 4(j) evaluation), *aff'd*, 835 F.2d 452 (2d Cir.1987) (affirmed "[f]or the reasons stated in Judge Lasker's well-reasoned

opinion [in the district court]"), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988). On the other hand, when a legitimate, but weak, explanation for failure to effect service is made by the plaintiff, a showing of prejudice to the defendant might justify a district court's determination that good cause had not been shown.

We need not determine definitively whether the filing of a claim with the Corps of Engineers would constitute actual notice of this litigation and constitute lack of prejudice to the government. Because the plaintiff offered no legitimate reason *why* he failed to serve the government within the 120–day period (simple attorney neglect not being a legitimate reason), lack of prejudice is not relevant to the inquiry at hand.

### Conclusion

With our colleagues in the First Circuit, we believe that Congress "intended Rule 4(j) to be a useful tool for docket management, not an instrument of oppression." *Ayer*, 857 F.2d at 885–86. Nevertheless, if the congressional goal of "encourag[ing] prompt movement of civil actions in the federal courts"[3] is to be respected, simple attorney negligence completely devoid of extenuating circumstances cannot constitute "good cause." Without a legitimate basis for invoking the "good cause" requirement, lack of prejudice to the defendant is not relevant. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

---

3. Analysis of H.R. 7154, *supra*, at 4442.