UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 93-1004

 EDWARD H. BENJAMIN,

 Plaintiff, Appellant,

 v.

 ALLEN H. GROSNICK,

 Defendant, Appellee.

 

No. 93-1005

 PETER J. EMBRIANO

 Plaintiff, Appellant,

 v.

 ALLEN H. GROSNICK,

 Defendant, Appellee.

 
 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS 

 [Hon. Frank H. Freedman, U.S. District Judge]
 

 

 Before

 Torruella, Circuit Judge,
 

 Feinberg,* Senior Circuit Judge,
 

 and Boudin, Circuit Judge.
 

 

 

* Of the Second Circuit, sitting by designation.

 C. Brian McDonald, with whom Ronald P. Weiss, Gerald P.
 
Ciejka and Bulkley, Richardson and Gelinas, were on brief for
 
appellants.
 Robert Aronson, with whom Law Offices of Robert Aronson, was
 
on brief for appellee.

 

 July 20, 1993
 

 -2-

 TORRUELLA, Circuit Judge. In companion cases,
 

appellants, Edward Benjamin, M.D. and Peter Embriano, M.D., sued

appellee Allen Grosnick for deceit, fraud, negligent

misrepresentation, breach of fiduciary duty, and violations of

state and federal securities law. The district court dismissed

the claims on the ground that appellants failed to properly serve

pleadings upon appellee within the required one hundred twenty

days of filing suit. We affirm the district court's judgment

with respect to Benjamin and reverse it with respect to Embriano.

 BACKGROUND
 

 Appellants filed complaints against appellee on

September 14, 1990. Twelve days later, Deputy Sheriff Paul

Bianconi executed returns of service swearing that he personally

served appellee at 167 Dwight Street, Longmeadow, Massachusetts

with both sets of pleadings. After procuring an extension,

appellee answered alleging improper service of process in both

cases and insufficient process in Benjamin's case. On the same

day, appellee also filed a third party complaint and began

discovery. Six weeks later, the court approved an agreement by

the parties to stay the proceedings for reasons irrelevant to

this appeal.

 Eventually, the stay ended, and a scheduling conference

was held at which appellee made a vague assertion that

appellants' service failed to comply with Rule 4 of the Federal

Rules of Civil Procedure.1 At that time, he also asserted that

 

1 See appendix for the text of Rule 4.

 -3-

process was insufficient in Benjamin's case because he was served

with the wrong complaint.2

 On April 30, 1992, appellee moved to dismiss the

actions pursuant to Rule 4(j) of the Federal Rules of Civil

Procedure for untimely service. In support of the motions,

appellee submitted an affidavit claiming that, while the returns

of service indicated that personal service took place in

Massachusetts, he was not in Massachusetts on the alleged date of

service. At this point, it became clear that this was the basis

of the insufficient service defenses. In addition, appellee

reiterated in the affidavit that even if the method of service

sufficed, the process itself did not because Benjamin never

served him with the proper complaint. In opposition, appellants

submitted affidavits by the deputy sheriff stating that he had

personally served appellee on the record date. Appellants then

re-served appellee properly.

 After an evidentiary hearing, the district court found

that appellee was in Arizona on the service date, and that

appellants therefore failed to personally serve him within the

120 day limit. Then, finding that appellants failed to show good

 
cause for the delayed service, the court dismissed the action
2 Appellee contends that while the summons properly cited the
without prejudice.3 The district court denied appellants'
appropriate case names, the complaint that the sheriff delivered
for Benjamin regarded an action by Benjamin against Richard K.
Bernstein and The Bernstein Group, Inc. in the United States
District Court for the District of Connecticut. While that
lawsuit concerned similar interests, the complaint for that
action did not name appellee as a defendant.

3 Although the court dismissed the claims without prejudice, the
statute of limitations bars the refiling of appellants' federal
statutory claims.

 -4-

request for reconsideration, and appellants filed this appeal.

 DISCUSSION
 

 Under Fed. R. Civ. P. 4(j), if a plaintiff fails to

properly serve a named defendant within 120 days after filing a

complaint, he must show "good cause why such service was not made

within that period" or face dismissal.4 We review a district

court's determination of whether a plaintiff established good

cause only for abuse of discretion. United States v. Ayer, 857
 

F.2d 881, 884-85 (1st Cir. 1988).

 With respect to appellants' alleged insufficient

service, we find the district court's dismissal an abuse of
 

discretion. Appellants did not purposely delay personal service.

Indeed, they completed all of the steps within their power

necessary to effectuate such service. The blame for the error

rested with the deputy sheriff. Moreover, because of the deputy

sheriff's sworn representations in the return of service,

appellants reasonably believed that they had personally served

appellees. 

 Furthermore, although appellee's answers to appellants'

complaints alleged insufficient service, appellee waited more

 

4 Rule 4(j) provides in relevant part:

 If a service of the summons is not made
 upon a defendant within 120 days after
 the filing of the complaint and the party
 on whose behalf such service was required
 cannot show good cause why such service
 was not made within that period, the
 action shall be dismissed as to that
 defendant without prejudice . . . .

 -5-

than 120 days to notify appellants of the defect's specific

nature. Given the general nature of appellee's asserted defense

and the deputy sheriff's assurance in the return of service that

he had personally served appellee, appellants reasonably

abstained from further investigation.

 Still further, the defective service did not prejudice

appellee. See Ayer, 857 F.2d at 881 (considering prejudice to
 

defendant in Rule 4(j) determination). Appellee had actual

notice of the lawsuit and secured through stipulation additional

time to file an answer. Conversely, dismissal will prejudice

appellants because the statute of limitations has already run on

their federal statutory claims. See Floyd v. United States, 900
 

F.2d 1045, 1046 (7th Cir. 1990) (considering prejudice to

plaintiff in Rule 4(j) determination).

 Given all of the above factors, we conclude that

appellants showed good cause for the delayed personal service.

In its finding to the contrary, the district court erroneously

relied on Roque v. United States, 857 F.2d 20, 22 (1st Cir.
 

1988),5 which held that:

 [G]iven the [defendant's] answer which
 
 did not clearly allege insufficient
 
 service of process, the government's
 
 failure plainly to assert insufficiency
 until after the 120 days had run, the
 confusion caused by the district court's

 

5 Although a district court's good cause finding is entitled to
great deference, such a finding "'predicated upon, or induced by,
a misapprehension of law is robbed of its customary vitality.'"
Reliance Steel Products v. National Fire Ins. Co., 880 F.2d 575,
 
577 (1st Cir. 1989) (quoting RCI Northeast Services Div. v.
 
Boston Edison Co., 822 F.2d 199, 203 (1st Cir. 1987)).
 

 -6-

 initial denial of the government's
 motion, the simple manner in which the
 service deficiency can be cured, and the
 absence of any articulable prejudice to
 the [defendant], we think the district
 court should have found good cause.

(emphasis added). By implication, the district court found that

where a defendant clearly alleges insufficient service within the

120 day limit, the plaintiff is on notice of some defect, and

therefore must inquire into the nature of that defect. We agree

with the district court that under certain circumstances, the

assertion in an answer of insufficient service of process will

provide notice that would induce a reasonable plaintiff to

investigate the possibility of a deficiency. In addition, there

is no requirement that a defendant specify the source of the

defect in the service. However, the lack of such specificity

bears on the reasonableness of the plaintiff's actions. In the

present case, Grosnick did not specify the source of the defect

until it was too late for appellants to cure it. Where as here,

appellants, relying on an attested to return of service by the

deputy sheriff, believed that they had properly effected service,

and indeed did everything in their power to do so, Roque does not
 

imply that failure to investigate after a general assertion of

insufficient service prevents a finding of good cause. We

therefore reverse the court's judgment with respect to

appellants' delay of personal service.

 On the other hand, we cannot easily forgive Benjamin's

alleged service of insufficient process. Although the district
 

court requested a statement of contested facts, Benjamin never

 -7-

disputed appellee's allegation that he was served with the wrong

complaint. Indeed, although appellee mentioned the problem

numerous times on the record, and again on appeal, Benjamin has

yet to acknowledge it. Accordingly, we accept the allegation as

true.

 Also because of Benjamin's failure to acknowledge the

allegation, we cannot possibly conclude that he has met his

burden of establishing good cause why service of the proper

complaint was delayed. We do not know with whom the error

originated, when Benjamin knew about it, or even whether the

deficiency was intentional. By ignoring these major gaps in the

procedural history, and indeed the entire issue, Benjamin failed

to establish good cause for the delayed service of sufficient

process. Thus, we affirm the district court's dismissal of

Benjamin's case on different grounds than the court stated.

 Affirmed in part; reversed in part.
 

 Appendix can be found attached to the slip opinion.

 -8-