USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1004 EDWARD H. BENJAMIN, Plaintiff, Appellant, v. ALLEN H. GROSNICK, Defendant, Appellee. ____________________ No. 93-1005 PETER J. EMBRIANO Plaintiff, Appellant, v. ALLEN H. GROSNICK, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Feinberg,* Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _____________________ ____________________ * Of the Second Circuit, sitting by designation. C. Brian McDonald, with whom Ronald P. Weiss, Gerald P. __________________ ________________ __________ Ciejka and Bulkley, Richardson and Gelinas, were on brief for ______ _________________________________ appellants. Robert Aronson, with whom Law Offices of Robert Aronson, was ______________ _____________________________ on brief for appellee. ____________________ July 20, 1993 ____________________ -2- TORRUELLA, Circuit Judge. In companion cases, ______________ appellants, Edward Benjamin, M.D. and Peter Embriano, M.D., sued appellee Allen Grosnick for deceit, fraud, negligent misrepresentation, breach of fiduciary duty, and violations of state and federal securities law. The district court dismissed the claims on the ground that appellants failed to properly serve pleadings upon appellee within the required one hundred twenty days of filing suit. We affirm the district court's judgment with respect to Benjamin and reverse it with respect to Embriano. BACKGROUND BACKGROUND __________ Appellants filed complaints against appellee on September 14, 1990. Twelve days later, Deputy Sheriff Paul Bianconi executed returns of service swearing that he personally served appellee at 167 Dwight Street, Longmeadow, Massachusetts with both sets of pleadings. After procuring an extension, appellee answered alleging improper service of process in both cases and insufficient process in Benjamin's case. On the same day, appellee also filed a third party complaint and began discovery. Six weeks later, the court approved an agreement by the parties to stay the proceedings for reasons irrelevant to this appeal. Eventually, the stay ended, and a scheduling conference was held at which appellee made a vague assertion that appellants' service failed to comply with Rule 4 of the Federal Rules of Civil Procedure.1 At that time, he also asserted that ____________________ 1 See appendix for the text of Rule 4. -3- process was insufficient in Benjamin's case because he was served with the wrong complaint.2 On April 30, 1992, appellee moved to dismiss the actions pursuant to Rule 4(j) of the Federal Rules of Civil Procedure for untimely service. In support of the motions, appellee submitted an affidavit claiming that, while the returns of service indicated that personal service took place in Massachusetts, he was not in Massachusetts on the alleged date of service. At this point, it became clear that this was the basis of the insufficient service defenses. In addition, appellee reiterated in the affidavit that even if the method of service sufficed, the process itself did not because Benjamin never served him with the proper complaint. In opposition, appellants submitted affidavits by the deputy sheriff stating that he had personally served appellee on the record date. Appellants then re-served appellee properly. After an evidentiary hearing, the district court found that appellee was in Arizona on the service date, and that appellants therefore failed to personally serve him within the 120 day limit. Then, finding that appellants failed to show good ____________________ cause for the delayed service, the court dismissed the action 2 Appellee contends that while the summons properly cited the without prejudice.3 The district court denied appellants' appropriate case names, the complaint that the sheriff delivered for Benjamin regarded an action by Benjamin against Richard K. Bernstein and The Bernstein Group, Inc. in the United States District Court for the District of Connecticut. While that lawsuit concerned similar interests, the complaint for that action did not name appellee as a defendant. 3 Although the court dismissed the claims without prejudice, the statute of limitations bars the refiling of appellants' federal statutory claims. -4- request for reconsideration, and appellants filed this appeal. DISCUSSION DISCUSSION __________ Under Fed. R. Civ. P. 4(j), if a plaintiff fails to properly serve a named defendant within 120 days after filing a complaint, he must show "good cause why such service was not made within that period" or face dismissal.4 We review a district court's determination of whether a plaintiff established good cause only for abuse of discretion. United States v. Ayer, 857 _____________ ____ F.2d 881, 884-85 (1st Cir. 1988). With respect to appellants' alleged insufficient service, we find the district court's dismissal an abuse of _______ discretion. Appellants did not purposely delay personal service. Indeed, they completed all of the steps within their power necessary to effectuate such service. The blame for the error rested with the deputy sheriff. Moreover, because of the deputy sheriff's sworn representations in the return of service, appellants reasonably believed that they had personally served appellees. Furthermore, although appellee's answers to appellants' complaints alleged insufficient service, appellee waited more ____________________ 4 Rule 4(j) provides in relevant part: If a service of the summons is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice . . . . -5- than 120 days to notify appellants of the defect's specific nature. Given the general nature of appellee's asserted defense and the deputy sheriff's assurance in the return of service that he had personally served appellee, appellants reasonably abstained from further investigation. Still further, the defective service did not prejudice appellee. See Ayer, 857 F.2d at 881 (considering prejudice to ___ ____ defendant in Rule 4(j) determination). Appellee had actual notice of the lawsuit and secured through stipulation additional time to file an answer. Conversely, dismissal will prejudice appellants because the statute of limitations has already run on their federal statutory claims. See Floyd v. United States, 900 ___ _____ _____________ F.2d 1045, 1046 (7th Cir. 1990) (considering prejudice to plaintiff in Rule 4(j) determination). Given all of the above factors, we conclude that appellants showed good cause for the delayed personal service. In its finding to the contrary, the district court erroneously relied on Roque v. United States, 857 F.2d 20, 22 (1st Cir. _____ ______________ 1988),5 which held that: [G]iven the [defendant's] answer which _____ did not clearly allege insufficient _________________________________________ service of process, the government's _____________________ failure plainly to assert insufficiency until after the 120 days had run, the confusion caused by the district court's ____________________ 5 Although a district court's good cause finding is entitled to great deference, such a finding "'predicated upon, or induced by, a misapprehension of law is robbed of its customary vitality.'" Reliance Steel Products v. National Fire Ins. Co., 880 F.2d 575, ________________________ ______________________ 577 (1st Cir. 1989) (quoting RCI Northeast Services Div. v. _____________________________ Boston Edison Co., 822 F.2d 199, 203 (1st Cir. 1987)). _________________ -6- initial denial of the government's motion, the simple manner in which the service deficiency can be cured, and the absence of any articulable prejudice to the [defendant], we think the district court should have found good cause. (emphasis added). By implication, the district court found that where a defendant clearly alleges insufficient service within the 120 day limit, the plaintiff is on notice of some defect, and therefore must inquire into the nature of that defect. We agree with the district court that under certain circumstances, the assertion in an answer of insufficient service of process will provide notice that would induce a reasonable plaintiff to investigate the possibility of a deficiency. In addition, there is no requirement that a defendant specify the source of the defect in the service. However, the lack of such specificity bears on the reasonableness of the plaintiff's actions. In the present case, Grosnick did not specify the source of the defect until it was too late for appellants to cure it. Where as here, appellants, relying on an attested to return of service by the deputy sheriff, believed that they had properly effected service, and indeed did everything in their power to do so, Roque does not _____ imply that failure to investigate after a general assertion of insufficient service prevents a finding of good cause. We therefore reverse the court's judgment with respect to appellants' delay of personal service. On the other hand, we cannot easily forgive Benjamin's alleged service of insufficient process. Although the district _______ court requested a statement of contested facts, Benjamin never -7- disputed appellee's allegation that he was served with the wrong complaint. Indeed, although appellee mentioned the problem numerous times on the record, and again on appeal, Benjamin has yet to acknowledge it. Accordingly, we accept the allegation as true. Also because of Benjamin's failure to acknowledge the allegation, we cannot possibly conclude that he has met his burden of establishing good cause why service of the proper complaint was delayed. We do not know with whom the error originated, when Benjamin knew about it, or even whether the deficiency was intentional. By ignoring these major gaps in the procedural history, and indeed the entire issue, Benjamin failed to establish good cause for the delayed service of sufficient process. Thus, we affirm the district court's dismissal of Benjamin's case on different grounds than the court stated. Affirmed in part; reversed in part. __________________________________ Appendix can be found attached to the slip opinion. -8-