Gerald M. SULLIVAN, not individually, but as a Trustee of Plumbers' Pension Fund Local 130, U.A., Plumbers' Welfare Fund Local 130, U.A., The Trust Fund for Apprentice and Journeymen Education and Training, Local 130, U.A., Plumbing Council of Chicagoland, Plumbing Contractors Association of Chicago and Cook County, and Chicago Journeymen Plumbers Local 130, U.A., Plaintiff,

v.

Walter MITCHELL, d/b/a Mitchell Plumbing Company, a Sole Proprietorship, Defendant.

No. 84 C 9773.

United States District Court, N.D. Illinois, E.D.

Oct. 21, 1993.

Thomas Edwards Brabec, Leonard Stephen Goslawski, Douglas Allan Lindsay, and Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, IL, for plaintiff.

Peter Andrew Regulski, Onesto, Giglio, Meltreger & Associates, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

In August of 1989, defendant moved to dismiss this action pursuant to Rule 4(j) of the Federal Rules of Civil Procedure. Rule 4(j) requires an action to be dismissed without prejudice where service is not made upon defendant within 120 days of the filing of the complaint, unless good cause can be shown for the delay in service. FRCP 4(j). On March 29, 1990, Senior Judge James B. Parsons denied defendant's Rule 4(j) motion to dismiss. On August 20, 1991 the district court granted summary judgment for plain-

---

1. The Honorable James B. Parsons retired while this case was on appeal. The case was assigned to this court on remand.

2. Rule 4 provides the methods by which service may be effected. Service may be made pursuant to the law of the State in which the district court sits, FRCP 4(c)(2)(C)(i); or by mailing a copy of the summons and complaint to defendant, together with two copies of the notice and ac-

---

tiff in the amount of $116,141.71. Defendant appealed.

The Seventh Circuit reversed and remanded [1] for further findings on the issue of whether plaintiff could demonstrate "good cause" for the four and a half year delay in service. 983 F.2d 1073 (1992). The Seventh Circuit held that the district court erred by not placing the burden of proving good cause upon plaintiff, the party required to effect timely service. Although evasion of service can constitute good cause, the Seventh Circuit determined that the district court appeared to improperly shift the burden to defendant to prove he was not evading service rather than requiring plaintiff to prove good cause through evidence of defendant's evasion.

Federal Rule of Civil Procedure 4(j) provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

FRCP 4(j).

■ The district court must exercise its discretion in making a good cause determination. *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir.1990). Dismissal is mandated by Rule 4(j) unless plaintiff can show good cause for the failure to serve defendant within the 120 day period. *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir.1992).

■ Plaintiff must show reasonable and diligent efforts at effecting service to support a finding of good cause.[2] *Quann v. White-*

---

knowledgment, FRCP 4(c)(2)(C)(ii). Mail service is not complete until an acknowledgment is filed with the court. *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir.1987). If defendant does not execute and return the acknowledgment of service within 20 days of the date of mailing, personal service must be made upon defendant by any non-party adult or person specially appointed for that purpose by the court. FRCP 4(c)(2)(C)(ii); FRCP 4(c)(2)(A) & (B). Personal

*gate–Edgewater,* 112 F.R.D. 649, 659 (D.Md. 1986). A plaintiff makes reasonable efforts if he proceeds in a manner reasonably calculated to effect service within 120 days. *United States v. Fields,* 703 F.Supp. 749, 751 (N.D.Ill.1989). "[H]alf-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120–day deadline." *Geiger v. Allen,* 850 F.2d 330, 333 (7th Cir. 1988).

■ Rule 4(j) does not define good cause. Evasion of service is the only example of good cause for a delay in service offered by the legislative history of Rule 4(j). 1982 U.S.C.C.A.N. 4434, 4446 n. 25. While evasion constitutes good cause for a delay in service, the Seventh Circuit has held that evasion cannot be inferred by repeated, though faulty attempts at service of process. *Mid–Continent Wood Products, Inc. v. Harris,* 936 F.2d 297, 303 (7th Cir.1991). One method of proving evasion is by presenting evidence that defendant either refused to accept his mail or refused to acknowledge service after receipt of the summons and complaint in the mail. *Mid–Continent* at 303, discussing *Nikwei v. Ross School of Aviation, Inc.,* 822 F.2d 939, 942 (10th Cir. 1987) and *Benage v. Gibraltar Building & Loan Assoc., Inc.,* 115 F.R.D. 20, 21 (D.Conn. 1987); See *Prather v. Raymond Construction Co., Inc.,* 570 F.Supp. 278, 282 (N.D.Ga. 1983) (evasion found where defendant concedes he received the summons and complaint but refused to return the acknowledgment).

■ If service of process cannot be made within 120 days, plaintiff can move under Federal Rule of Civil Procedure 6(b) to enlarge the time within which to serve defendant. *Geiger,* 850 F.2d at 333 n. 5.; *Lovelace v. Acme Markets, Inc.,* 820 F.2d 81, 84 (3rd Cir.1987). If a Rule 6(b) extension is re-quested before the time period expires, the court has the discretion to extend the time period for cause shown. If an extension is requested after the expiration of the time period, an extension may be granted where the failure to act was the result of excusable neglect. FRCP 6(b). Some courts have considered not filing for an extension of time to be evidence of a lack of diligence. See *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 478 (N.D.Ill.1984).

■ Here, the facts fail to show that plaintiff made reasonable and diligent efforts at effecting service within the 120 day period. On November 15, 1984, approximately six days after the complaint was filed, plaintiff attempted to serve defendant by certified mail. Three weeks later, the post office returned the certified mail marked "unclaimed." Within 20 days of the date of mailing (FRCP 4(c)(2)(C)(ii)), plaintiff's counsel was aware that mail service was unsuccessful. Plaintiff then had approximately 94 days remaining in the 120 day period to personally serve defendant. Instead of hiring a process server, plaintiff again attempted to serve defendant by regular mail, which was unsuccessful.

Plaintiff gave no thought to personal service until a few days before the expiration of the 120 day period. On March 6, 1985, plaintiff moved for the appointment of a special process server, which the district court granted. It is unclear whether the special process server actually tried to serve defendant before the 120 days expired. Because few, if any, actual attempts at personal service were made during this period, plaintiff can point to no evidence of evasion in the first 120 days. Plaintiff further failed to move for a Rule 6(b) extension of time to enlarge the period for service either prior or subsequent to the 120 day period.[3]

---

service may also be accomplished by leaving copies of the summons and complaint with a person of suitable age at defendant's place of abode or by delivery to an agent of defendant authorized to receive service. FRCP 4(d); *Williams v. Leach,* 938 F.2d 769, 771–772 (7th Cir.1991).

**3.** If plaintiff had refiled the action at any time prior to the expiration of the statute of limita-tions, plaintiff would have had another 120 days to serve defendant without the burden of proving good cause for the delay in service. The plain language of Rule 4(j) makes clear that the filing of the initial complaint, as opposed to reinstating a prior lawsuit or vacating a dismissal, triggers the 120 day period for effecting service. FRCP 4(j).

Plaintiff argues that defendant's failure to deny receiving the summons and complaint by regular mail is evidence of evasion. Unlike the circumstances constituting evasion in *Prather*, defendant has not admitted to receiving the summons and complaint in the mail and then refusing to return the acknowledgment. Other than mere speculation, plaintiff has no proof that defendant refused to accept his mail or acknowledge mail service during this period.

 Plaintiff also contends that defendant had knowledge of the lawsuit given the brief discussion of settlement between counsel shortly after the suit was filed. Neither defendant's alleged knowledge of the litigation nor the settlement discussions between counsel relieve plaintiff of his requirement to timely effect service under Rule 4(j). *Mid–Continent*, 936 F.2d at 301–02. Plaintiff implicitly argues that defendant's alleged knowledge of the suit is evidence of his evasion. Whether or not defendant knew of the litigation, such knowledge *without more* is insufficient to prove evasion.

It is unnecessary to examine plaintiff's attempts at service outside the 120 day period as plaintiff has not shown good cause for the failure to serve defendant within the 120 days or requested that the period be extended pursuant to Rule 6(b). However, if the court were to look beyond the 120 day period, plaintiff took approximately four and a half years to serve defendant but can point to no definitive evidence of evasion. The record shows that each process server repeated many of the same unsuccessful steps taken by prior process servers. For example, each process server began his search for defendant at his business address. Defendant's office was apparently within the office of an answering service he utilized. However, process servers were told many times by the answering service that defendant only called in for messages. Plaintiff's counsel offers no explanation for why process servers were repeatedly sent to that location when plaintiff was aware that defendant only called in for messages. An examination of the process servers' affidavits further reveals their failure to document the dates and times of attempted service, including the names of persons they contacted.

Counsel are responsible for supervising their process servers. *Walker v. Takata*, 1993 WL 225353 *1 (N.D.Ill.1993); *Braxton v. United States*, 817 F.2d 238, 242 (3rd Cir.1987). While the record shows that plaintiff's counsel had telephone conversations with his process servers, counsel apparently did not discuss strategy or outline any procedure to insure the process servers were thorough in their attempts at service. There is no evidence that plaintiff's counsel alerted each new process server to the prior attempts at service. As a result, each process server appears to have repeated many of the same steps taken by prior process servers. Evasion cannot be inferred from repeated, though faulty attempts at service. *Mid–Continent*, 936 F.2d at 303.

Because plaintiff cannot show good cause for his failure to effect service within the 120 day period, dismissal is mandated by Rule 4(j). Plaintiff's action is dismissed without prejudice.

ORDERED: Pursuant to the Seventh Circuit's remand for further findings on the issue of good cause, the court determines that plaintiff has not shown good cause for the four and a half year delay in service and dismisses this action without prejudice pursuant to FRCP 4(j).