45 F.3d 432
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Rosemary HARDER, Plaintiff-Appellant
v.
John DALTON, Secretary of the Navy, Defendant-Appellee.
 No. 93-3387.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1994.*
Decided Dec. 28, 1994.
 
 Before FAIRCHILD, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Rosemary Harder appeals from the dismissal of her complaint filed against the Secretary of the Navy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e), for failure to serve the United States Attorney and the Attorney General as provided by Fed.R.Civ.P. 4(d)(4) and (5).[1] Harder maintains that the district court abused its discretion in dismissing her complaint. For the following reasons, we affirm.
 
 
 2
 After exhausting her administrative remedies, Harder filed a complaint under Title VII challenging her discharge as a contract specialist for the Department of the Navy. Harder alleged gender discrimination and requested the district court to reinstate her as a contract specialist, to enjoin the Secretary of the Navy from further gender discrimination, and to award damages in excess of $10,000. The Secretary of the Navy filed a motion to dismiss the complaint under Fed.R.Civ.P. 4(j)[2] for failure to effectuate service of process as provided by Fed.R.Civ.P. 4(d)(4) and (5). The district court dismissed Harder's complaint, holding that although Harder had demonstrated good cause for failing to serve the Secretary of the Navy, she failed to show good cause for her failure to attempt to serve either the United States Attorney for the Southern District of Indiana or the Attorney General of the United States pursuant to Fed.R.Civ.P. 4(d)(4) as required by Fed.R.Civ.P. 4(d)(5).
 
 
 3
 Harder claims that although service was, technically, deficient, since there was actual notice to both the Secretary of the Navy and the United States Attorney's Office for the Southern District of Indiana, the district court erred in dismissing the complaint under Rule 4(j).[3] Harder concedes that neither the United States Attorney nor the Attorney General were served with a complaint and summons.
 
 
 4
 In order to effectuate service upon an agency of the United States Government, a copy of the complaint and the summons must be sent to the agency being sued, the United States Attorney for the district in which the action is brought and the Attorney General of the United States. Fed.R.Civ.P. 4(i)(1)(A), (1)(B) and (2). If this service is not effected within 120 days of the filing of the complaint, the complaint shall be dismissed. Fed.R.Civ.P. 4(m). However, if good cause is shown for the failure, the time for service is to be extended accordingly. Fed.R.Civ.P. 4(m). A district court's determination that no good cause existed for late service of process will be reversed only for an abuse of discretion. Del Raine v. Williford, 32 F.3d 1024, 1030 (7th Cir.1994) (citing Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir.1987)).
 
 
 5
 Here, Harder did not timely serve the Secretary of the Navy. The district court found, though, that there was good cause for Harder's failure to serve the Secretary of the Navy. If service upon the Secretary of the Navy was all that was required of Harder, the district court might have allowed Harder to proceed. However, there was never any attempt made to serve either the United States Attorney or the Attorney General.
 
 
 6
 Harder argues that since there was an informed answer to the complaint, there was no prejudice and her failure to serve the United States Attorney and the Attorney General should be excused. Lack of prejudice to the defendants will not, alone, support a finding of good cause for failure to effect the requisite service. Tso v. Delaney, 969 F.2d 373, 377 (7th Cir.1992) (lack of prejudice would, "[a]t the very least ... have to be accompanied by some showing of reasonable diligence in attempting to comply with the rules."). Harder also contends that she was misled by the right to sue letter sent to her by the Department of the Navy which informed her that "only the Secretary of the Navy" was the proper defendant. However, the letter never stated that the Secretary of the Navy is the only party to be served. Harder was represented by counsel throughout the proceedings in the district court. Counsel provides no explanation for her failure to comply with the requirements of service provided by Rule 4(i)(1)(A), (1)(B) and (2). In Floyd v. United States, 900 F.2d 1045 (7th Cir.1990), this court reiterated the principle that "simple attorney neglect, without the presence of substantial extenuating factors such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination." Floyd, 900 F.2d at 1047 (citing Powell v. Starwalt, 866 F.2d 964, 965 (7th Cir.1989); Geiger v. Allen, 850 F.2d 330, 333 (1988)) (footnote omitted). Since Harder has not demonstrated good cause for failing to properly effect service, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 The relevant text of former Rule 4(d)(4) and (5) can now be found in Fed.R.Civ.P. 4(i)(1) and (2)
 
 
 [2]
 The text of former Rule 4(j) can now be found in Fed.R.Civ.P. 4(m)
 
 
 [3]
 Harder does not argue, however, that the Attorney General received actual notice